ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiffs
GARY ELLIS and JEFF SHIPE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY ELLIS and JEFF SHIPE, on behalf of themselves, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HARDER MECHANICAL CONTRACTORS, INC.; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No: 4:21-cv-00844-JSW <br><br> <u>CLASS ACTION</u> <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br> 1. **UNFAIR BUSINESS PRACTICES;** <br> 2. **VIOLATIONS OF THE LABOR CODE;** <br> 3. **PENALTIES; and** <br> 4. **ATTORNEYS' FEES.** <br><br> **<u>DEMAND FOR JURY TRIAL</u>** <br><br> Complaint Filed: October 26, 2020 <br> Case Removed: February 3, 2021 <br> Trial date: none |

**FIRST AMENDED COMPLAINT**                                          **CASE NO. 4:21-CV-00844-JSW**

Plaintiffs GARY ELLIS and Jeff Shipe on behalf of themselves and all others similarly situated, complains against Defendants HARDER MECHANICAL CONTRACTORS, INC., and Does 1 through 50 (all referred to collectively as "Defendants" or "HARDER") as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' claims, based on, among other statutes, California Business & Professions Code §§ 17200, *et seq.*, and California Labor Code §§ 201-203, 510, 1194, 1194.2, 1197, and 1197.1. Plaintiffs do not allege claims founded directly on rights created by a collective bargaining agreement or claims substantially dependent on analysis or interpretation of a collective bargaining agreement, and expressly disclaims any such claims.

2. This Court has personal jurisdiction over the parties because, at all relevant times, Plaintiffs were California residents who worked in California for Defendants and Defendants systematically and continuously have conducted business in the State of California.

3. Venue is proper in this Court under California Code of Civil Procedure § 395.5 because Defendants' principal place of business listed on the Secretary of State's webpage is located in Contra Costa County at 999 Canal Boulevard, Suite C, Richmond, California 94804.

## II. PARTIES AND BACKGROUND

4. Plaintiff GARY ELLIS is an adult who worked for Defendants as a non-exempt hourly employee. He worked for Defendants in October 2018 as a pipefitter on a project at the Chevron refinery in Richmond, California.

5. Plaintiff Jeff Shipe is an adult who worked for Defendants as a non-exempt hourly employee. He worked for Defendants in 2019 as a pipefitter on a project at the Chevron refinery in Richmond, California.

6. Defendant HARDER MECHANICAL CONTRACTORS, INC. is an Oregon corporation doing business throughout California and is a "person" as defined by California Labor Code § 18 and California Business and Professions Code § 17201. In addition, it is an "employer" as that term is used in the California Labor Code and in the California Industrial Welfare Commission's Orders regulating wages, hours, and working conditions.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

7. Plaintiffs are ignorant of the true names and capacities of Defendants sued as Does 1 through 50, inclusive, and therefore sues those Defendants by those fictitious names. Plaintiffswill amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believes and on that ground alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged and that Plaintiffs' damages and other losses as alleged are proximately caused by those occurrences.

8. Plaintiffs bring this action on behalf of a proposed state-wide class of hourly non-exempt on-site employees who worked at HARDER locations in California to challenge Defendants' (a) policy and practice of failing to pay any wages whatsoever, including the minimum wage, to employees for compensable pre-shift and post-shift time[1], including time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities, donning and doffing safety gear and/or picking up brass, and/or otherwise working or under Defendant's control; and (b) policy and practice of violating California Labor Code §§ 201-203 by failing to pay former employees all wages due and owing at the time of discharge or voluntary quit.

9. Plaintiffs bring this action on behalf of themselves and a proposed class of all hourly non-exempt on-site workers employed by HARDER at client locations within the State of California at any time during the applicable limitations period preceding the original filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law. Plaintiffs seek recovery of all allowable compensation and other sums for the violations described above, including unpaid minimum wages, Labor Code § 1194.2 liquidated damages for failure to pay all statutorily-mandated minimum wages, restitution and restoration of sums owed and property unlawfully

---

[1] References in this Complaint to "pre-shift" time and "post-shift" time refer to time worked and time spent under the Defendant's control before and after the "shift" defined by Defendant. Thus, "shift" for these purposes refers to the working time for which Defendant actually paid its employees rather than to all of the time during which they were under Defendant's control and/or were performing work for Defendant.

withheld, statutory penalties, interest, attorneys' fees, and costs.

## III. FACTUAL ALLEGATIONS

10. HARDER provides workers on a contract basis for its clients that operate power plants or other industrial plants. The work is performed at multiple locations in the State of California, including but not limited to the Chevron refinery in Richmond, California.

11. At all relevant times, Plaintiffs were employed by HARDER as hourly non-exempt employees in an on-site construction occupation as defined by § 2(C) of IWC Wage Order 16-2001. During their employment with HARDER, Plaintiffs worked five or more days a week, and typically worked shifts of 10 or more hours a day.

12. Labor Code § 1194 requires that employers pay employees at least the minimum wage for all hours worked. Defendants had a policy and practice of failing to pay any wages whatsoever, including the minimum wage, to employees for compensable pre-shift and post-shift time, including time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities, donning and doffing safety gear, and/or picking up brass. Further, Labor Code § 1194.2 provides for liquidated damages for violations of the Labor Code § 1194 statutory minimum wage requirements. Plaintiffs, on behalf of themselves and other putative class members, seek the liquidated damages available under Labor Code § 1194.2.

13. Defendants had a policy and practice of violating California Labor Code §§ 201-203 by failing to pay Plaintiffs and putative class members all wages due and owing at the time of discharge or voluntary quit. Plaintiffs and putative class members still are owed wages, including without limitation the statutory minimum wage, for unpaid time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities.

## IV. CLASS ACTION ALLEGATIONS

14. Plaintiffs bring this action on behalf of themselves and as a class action under Code of Civil Procedure § 382 on behalf of a class of similarly situated persons employed by HARDER in the State of California. Specifically, Plaintiffs seek to represent the class of all hourly non-

exempt on-site employees who performed work for HARDER at job sites located within the State of California at any time during the applicable limitations period preceding the original filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law. Plaintiffs also seek to represent the following sub-classes of employees who worked for HARDER at job sites within the State of California:

(a) All hourly non-exempt on-site employees who performed work for HARDER at any time during the applicable limitations period preceding the original filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law, inclusive, who were not paid any wages whatsoever, including the minimum wage, for certain compensable pre-shift and post-shift time, including time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities, donning and doffing safety gear, and/or picking up brass; and

(b) All hourly non-exempt on-site employees who performed work for HARDER at any time during the applicable limitations period preceding the original filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law, inclusive, who were not paid all wages due upon discharge or voluntary quit as required by Labor Code §§ 201-203.

15. The class and sub-classes that Plaintiffs seek to represent contain numerous members and are clearly ascertainable. Plaintiffs reserve the right under Rule 3.765 of the

California Rules of Court to amend or modify the class and sub-class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues.

16. By their unlawful practices and policies, Defendants have violated the rights of employees under the laws and regulations of the State of California. The questions raised are, therefore, of common or general interest to the class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

17. Plaintiffs' claims are typical of those of the class, as Plaintiffs now suffer and have suffered in the past from the same violations of the law as other members of the proposed class. Plaintiffs have retained competent counsel to represent themselves and the class, and Plaintiffs will fairly and adequately represent the interests of the class.

18. This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class and sub-classes are easily ascertainable.

**Numerosity**

19. The members of the proposed class are so numerous that joinder of all class members is impractical. While the precise number of class members has not been determined at this time, Plaintiffs are informed and believes that Defendants have employed as many as 600 workers or more in the relevant time period.

20. Plaintiffs alleges that Defendants' employment records would contain relevant information as to the number of members of the proposed class.

**Commonality**

21. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. Those common questions of law and fact include, without limitation, the following:

    (a) Whether Defendants had a policy or practice of violating Labor Code § 1194 by failing to pay class members for all hours worked; and

    (b) Whether Defendants had a policy and practice of violating Labor Code §§ 201-203 by failing to pay departing class members all wages, including

statutory minimum wages, due at the time of discharge or voluntary quit; and

(c) Whether Plaintiffs and the class members are entitled to equitable relief under Business and Professions Code §§ 17200, *et seq.*

**Typicality and Adequacy of Representation**

22. Plaintiffs' claims are typical of the claims of the proposed class. Plaintiffs and all members of the proposed class sustained injuries and economic loss arising out of and caused by Defendants' common course of conduct in violation of laws and regulations alleged in this Complaint.

23. Plaintiffs will fairly and adequately protect the interests of all proposed class members. Plaintiffs have no interests that are antagonistic to those of the proposed class and is not subject to any unique defenses. Plaintiffs also have retained counsel experienced in class actions and in representing employees and protecting employees' rights.

**Superiority of Class Action**

24. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

25. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most effective and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical. Even if every proposed class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of numerous cases were to be required. Individualized litigation also would present the potential for

**FIRST AMENDED COMPLAINT** 7 **CASE NO. 4:21-CV-00844-JSW**

varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues presented herein gives rise to fewer management difficulties, conserves the resources of the court system and the parties and protects the rights of each proposed class member. Further, it prevents the very real harm that would be suffered by numerous putative class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors, who will be placed at an unfair competitive disadvantage as their punishment for obeying the law. Plaintiffs do not anticipate difficulties in the management of this action.

## V.     FIRST CAUSE OF ACTION

**(UNFAIR BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200, *et seq.*)**

27. Plaintiffs repeat and realleges each and every paragraph above as though fully set forth herein.

28. California Business and Professions Code §§ 17200, *et seq.*, prohibit unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business act or practice.

29. Beginning at an exact date unknown to Plaintiffs, but at least during the applicable limitations period preceding the original filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present, Defendants committed unlawful acts and practices as defined by California Business and Professions Code §§ 17200, *et seq*. Defendants have had a policy and practice of engaging in unlawful and unfair business practices including, but not limited to, violations of:

    (a)      Labor Code § 1194 (failure to pay all wages due, including minimum wages);

    (b)      Labor Code §§ 201-203 (failure to pay all wages, including statutory minimum wages, due and owing at time of discharge or voluntary quit); and

    (c)      Industrial Welfare Commission IWC Wage Order No. 16-2001.

30. The violations of those laws and the acts and practices described in this Complaint

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

constitute unlawful, unfair, deceptive and fraudulent business acts and practices and unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq*.

31. As a direct and proximate result of those acts and practices, Defendants have received and continue to hold as ill-gotten gains money and property belonging to Plaintiffs and the class, in that Defendants have profited in those amounts from their unlawful practices.

32. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of unfair competition and may order Defendants to make restitution to Plaintiffs for the practices alleged in this Complaint. Plaintiffs and putative class members are entitled under Business and Professions Code §§ 17203 and 17208 to restitution and restoration of all wages unlawfully withheld at any time during the applicable limitationsperiod preceding the original filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until the violations have been corrected, together with all civil penalties owed in connection with those violations. Plaintiffs will, upon leave of the Court, amend this Complaint to state those amounts when they are ascertained.

33. Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of the proposed class as well as on behalf of themselves and the general public. Plaintiffs seek and is entitled to unpaid wages and any other remedy owing to Plaintiffs and all others similarly situated.

34. To prevent Defendants from profiting and benefiting from their wrongful and illegal policies and practices, an order requiring Defendants to restore to Plaintiffs and class members all monies and property unlawfully gained through Defendants' unlawful practices is appropriate and necessary.

35. Plaintiffs take upon themselves the enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Therefore, an award of attorneys' fees is appropriate under California Code of Civil Procedure §

1021.5.

Wherefore, Plaintiffs pray for relief as set forth below.

## VI.    SECOND CAUSE OF ACTION

### (UNPAID MINIMUM WAGES AND LIQUIDATED DAMAGES – LABOR CODE §§ 1194 AND 1194.2)

36.     Plaintiffs repeat and realleges each and every paragraph above as though fully set forth herein.

37.     Defendants had a policy and practice of failing to pay Plaintiffs and other putative class members for certain compensable pre-shift and post-shift time, including but not limited to time spent traveling on and/or waiting for and/or operating company-provided transportation to, from and/or within the refineries and other facilities, donning and doffing safety gear, and/or picking up brass.

38.     Plaintiffs seek to recover all unpaid minimum wages due to Plaintiffs and other putative class members, as well as liquidated damages, if appropriate, and interest, under Labor Code §§ 1194, 1194.2 and 218.6.

39.     Plaintiffs seek attorneys' fees and costs under Labor Code § 1194, which provides for a private right of action to recover unpaid minimum wage compensation and also provides for the recovery of attorneys' fees and costs by a prevailing employee.

Wherefore, Plaintiffs prays for relief as set forth below.

## VII.    THIRD CAUSE OF ACTION

### (LABOR CODE §§ 201-203)

40.     Plaintiffs repeat and realleges each and every paragraph above as though fully set forth herein.

41.     Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the times specified by law.  Labor Code § 203 provides that if an employer willfully fails to pay those wages within the times specified by Labor Code §§ 201 or 202, the employer must continue to pay the subject employees' wages day-by-day, weekends included, until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

**FIRST AMENDED COMPLAINT**    10    **CASE NO. 4:21-CV-00844-JSW**

42. Defendants unfairly and unlawfully have had a policy and practice of violating Labor Code §§ 201 and 202 by failing to pay Plaintiffs and the class all wages earned during their employment within the times specified by those sections.

43. Plaintiffs and all other putative class members who ceased employment with Defendants are entitled to unpaid compensation but thus far have not received that compensation.

44. More than 30 days have passed since Plaintiffs and certain class members left Defendants' employ.

45. Due to Defendants' willful failure to compensate Plaintiffs and putative class members timely for all hours worked, Plaintiffs and class members whose employment ended at any time the during the applicable limitations period preceding the original filing of this Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through the present and until compliance with the law are entitled to 30 days' wages under Labor Code § 203, together with interest.

Wherefore, Plaintiffs prays for relief as set forth below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

  i. For an order certifying this action as a class action;
  ii. For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policy and practice of failing to pay all minimum wage compensation owed to Plaintiffs and the class members in violation of Business and Professions Code §§ 17200, *et seq.*;
  iii. For compensatory damages in amounts according to proof at time of trial representing the amount of unpaid minimum wage compensation owed to Plaintiffs and the class members for the policy and practice of failing to pay all wages due and owing, as well as liquidated damages as appropriate, during the applicable limitations period preceding the original filing of the

**FIRST AMENDED COMPLAINT**  11  **CASE NO. 4:21-CV-00844-JSW**

Complaint (as extended and augmented by all applicable tolling rules and period(s) of tolling, which include but are not limited to tolling under Emergency Rule 9 of the California Rules of Court) and up through and including the present and until the date of compliance with the law;

    iv. For waiting time penalties as provided by Labor Code § 203 for Plaintiffs and class members;

    v. For reasonable attorneys' fees and costs as allowed by Labor Code §§ 218.5 and 1194(a) and Code of Civil Procedure § 1021.5;

    vi. For all interest as required by Labor Code § 218.6 and other applicable law;

    vii. For all costs of this suit as allowed by law, including Labor Code §§ 218.5 and 1194; and

    viii. For such other and further relief as the Court may deem proper.

Dated: March 22, 2022          Respectfully submitted,

**KELLER GROVER LLP**

By:   */s/ Robert Spencer*
ERIC A. GROVER
ROBERT SPENCER
Attorneys for Plaintiffs and the Proposed Class

## **JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury as to all issues so triable.

Dated: March 22, 2022          **KELLER GROVER LLP**

By:   */s/ Robert Spencer*
ERIC A. GROVER
ROBERT SPENCER
Attorneys for Plaintiffs and the Proposed Class