ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,**
**A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiffs
GARY ELLIS and JEFF SHIPE

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ELLIS and JEFF SHIPE on behalf of themselves, and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>HARDER MECHANICAL CONTRACTORS, INC.; and DOES 1 through 50, inclusive,<br><br>            Defendant. | Case No:  4:21-cv-00844-JSW<br><br>CLASS ACTION<br><br>**PLAINTIFF JEFF SHIPE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     August 19, 2022<br>Time:     9:00 a.m.<br>Ctrm:     5<br>Judge:    Jeffrey S. White<br><br>Case Removed:     February 3, 2021<br>Trial Date:          None |

**PLEASE TAKE NOTICE THAT** on August 19, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Jeffrey S. White, located at 1301 Clay Street, Courtroom 5, 2nd Floor, Oakland, California, Plaintiff Jeff Shipe will and hereby does move for an Order: (1) preliminarily approving the settlement set forth in the Joint Stipulation of Class Action Settlement and Release of Claims; (2) conditionally certifying the proposed Settlement Class; (3) appointing Plaintiff Shipe as the settlement Class Representative; (4) appointing Plaintiff's Counsel as settlement Class Counsel; (5) approving the designation of Phoenix Settlement Administrators as the Settlement Administrator; (6) approving the mailing of the proposed Notice of Class Action Settlement; and (7) scheduling a fairness hearing for final approval of the settlement.

This Motion is made pursuant to Federal Rule of Civil Procedure 23, which requires court approval of the settlement of a class action. The basis for this Motion is that the proposed settlement is fair, adequate, and reasonable and in the best interests of the proposed Settlement Class as a whole, and that the procedures proposed are adequate to ensure the opportunity of the proposed settlement Class Members to participate in, opt out of, or object to the settlement.

This Motion will be based on this notice of motion and motion, the accompanying summary of argument and memorandum of points and authorities set forth herein, the parties' Joint Stipulation of Class Action Settlement and Release of Claims, the Declarations of Eric A. Grover and Scot D. Bernstein, the pleadings and papers filed in this case, and such evidence or oral argument as may be presented at the hearing.

Dated: July 14, 2022                        KELLER GROVER LLP


                                            By:   /s/ *Eric A. Grover*
                                            _____
                                            ERIC A. GROVER
                                            ROBERT SPENCER
                                            *Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 2

    A.   Factual background and procedural history. ......................................... 2

    B.   The settlement process. ........................................................................ 4

III.  THE SETTLEMENT AGREEMENT .............................................................. 5

    A.   The Settlement Class definition. .......................................................... 5

    B.   The Settlement benefits. ....................................................................... 5

    C.   Payments to Settlement Class Members. ............................................. 5

    D.   Unclaimed funds. ................................................................................. 6

    E.   Limited Release applicable to Settlement Class Members. .................. 6

    F.   The General Releases by Plaintiff Shipe and the Estate of Gary Ellis ... 7

    G.   Class Notice. ......................................................................................... 7

    H.   Opt Out, Objection and Dispute Procedures. ...................................... 8

    I.   Class Representative Incentive Awards. ............................................... 8

    J.   Attorneys' Fees and Costs. .................................................................... 9

    K.   Settlement Administration. ................................................................... 10

IV.   THE SETTLEMENT MERITS PRELIMINARY APPROVAL ...................... 10

    A.   The legal standard for approving proposed class action settlements. ... 10

    B.   The proposed class action settlement is fair, adequate and reasonable. ... 12

        1.   The Settlement is the result of serious, informed, non-collusive negotiations. .................................................................................. 12

        2.   The Settlement falls within the range of possible approval. ...... 14

        3.   The Settlement has no obvious deficiencies. ............................. 15

    C.   The proposed attorneys' fees and costs awards are reasonable. ........... 16

    D.   The proposed notice procedure should be approved. ........................... 17

    E.   The proposed Class satisfies Rule 23's certification criteria for settlement purposes. ............................................................................ 19

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1.    The Rule 23(a) prerequisites are satisfied. ................................. 19

    a.    The proposed Class is so numerous that joinder is impracticable. ............................................................. 19

    b.    Common questions of law and fact exist in this action. ................ 20

    c.    The proposed Class Representative's claims are typical of the Class' claims. ....................................................... 20

    d.    The proposed Class Representative will adequately represent the Class. ......................................................... 21

2.    Rule 23(b)(3)'s requirements are satisfied. ............................... 21

    a.    Common questions will predominate over individual questions. ..................................................................... 21

    b.    A class action is the superior method for adjudicating this action. ......................................................................... 22

V.    CONCLUSION ............................................................................................ 22

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                                                           **Page(s)**

*Ahmed v. HSBC Bank USA*,
    2019 U.S. Dist. LEXIS 104401 (C.D. Cal. June 21, 2019) ............................................... 16

*Amchem Prods.*, Inc. *v. Windsor*,
    521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) .......................................... 19, 21

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015) ................................................................................... 16

*Betorina v. Randstad US, L.P.*,
    2017 U.S. Dist. LEXIS 53317 (N.D. Cal. Apr. 6, 2017) ................................................. 14

*Briseño v. Henderson*,
    998 F.3d 1014 (9th Cir. 2021) .............................................................................. 1, 11, 13

*Campbell v. Facebook, Inc.*,
    951 F.3d 1106 (9th Cir. 2020) ....................................................................................... 10

*Dyer v. Wells Fargo Bank, N.A.*,
    303 F.R.D. 326 (N.D. Cal. 2014) ................................................................................... 16

*Fleming v. Matco Tools Corp.*,
    2021 U.S. Dist. LEXIS 33513 (N.D. Cal. Feb. 21, 2021) ............................................... 19

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .............................................................................. 12, 20, 21

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) ........................................................................ 10, 17, 19, 20

*In re Lenovo Adware Litig.*,
    2018 U.S. Dist. LEXIS 198909 (N.D. Cal. Nov. 21, 2018) ............................................. 12

*Jabbari v. Farmer*,
    965 F.3d 1001 (9th Cir. 2020) .................................................................................. 19, 21

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*,
    654 F.3d 935 (9th Cir. 2011) ................................................................................. *passim*

*Low v. Trump Univ., Ltd. Liab. Co.*,
    881 F.3d 1111 (9th Cir. 2018) ....................................................................................... 17

*Miguel-Sanchez v. Mesa Packing, LLC*,
    2021 U.S. Dist. LEXIS 84437 (N.D. Cal. May 3, 2021) ................................................. 11

*Moreno v. Capital Bldg. Maint. & Cleaning Servs.*,
    2021 U.S. Dist. LEXIS 87268 (N.D. Cal. May 5, 2021) ................................................. 12

*Morrison v. Am. Nat'l Red Cross*,
    2020 U.S. Dist. LEXIS 132712 (N.D. Cal. July 27, 2020) ...................................... *passim*

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ...................................................................................................... 17

*Parker v. Cherne Contracting Corporation*,
    2019 U.S. Dist. Lexis 14235 (January 29, 2019) ........................................................... 15

*Perez v. CVS Health Corp.*,
    2021 U.S. Dist. LEXIS 110216 (E.D. Cal. June 11, 2021) ............................... 13

*Perks v. ActiveHours, Inc.*,
    2021 U.S. Dist. LEXIS 57272 (N.D. Cal. Mar. 25, 2021) ............................... 12

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ...................................................... 17

*Rivas v. BG Retail, LLC*,
    2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) ...................................... 16

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ............................................... 15

*Romero v. Perryman (In re Easysaver Rewards Litig.)*,
    906 F.3d 747 (9th Cir. 2018) .................................................. 6

*Ruiz Torres v. Mercer Canyons Inc.*,
    835 F.3d 1125 (9th Cir. 2016) ............................................ 20

*Taafua v. Quantum Glob. Techs., LLC*,
    2021 U.S. Dist. LEXIS 28754 (N.D. Cal. Feb. 16, 2021) ......................... 12, 18

*Toolajian v. Air Methods Corp.*,
    2020 U.S. Dist. LEXIS 250904 (N.D. Cal. Apr. 24, 2020) .......................... 11, 14, 15, 22

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) .............................. 20

*Wong v. Arlo Techs.*,
    2021 U.S. Dist. LEXIS 58514 (N.D. Cal. Mar. 25, 2021) ........................... 2, 13

**State Cases**

*Gutierrez v. Brand Energy Services of California, Inc.*
    50 Cal.App.5th 786 (2020) ................................................. 15

**State Statutes**

California Business & Professions Code
    § 17200 ............................................................ 3, 6

California Labor Code
    § 201 ............................................................. 1, 6, 21
    § 203 ............................................................. *passim*
    § 1194 ...........................................................1, 3, 6, 21
    § 1194.2 .......................................................... 3, 6, 14, 15
    § 1197.1 ............................................................. 3

IWC Wage Order No. 16-2001 ................................................ 6

**Rules**

Federal Rules of Civil Procedure,
    Rule 23 ........................................................... *passim*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Gary Ellis and Jeff Shipe brought this putative class action on behalf of current and former hourly-paid California employees of Harder Mechanical Contractors, Inc. ("Harder" or "Defendant").  The operative First Amended Complaint ("FAC") alleges class claims based on allegations that Defendant's wage policies and practices violated California Labor Code §§ 201-203 and 1194.[1]

Plaintiff Shipe ("Plaintiff")[2] now seeks the Court's preliminary approval of a proposed $1,500,000 non-reversionary class action settlement (the "Settlement").[3]  Plaintiff and Defendant (the "Parties") agreed to mediate with Jeffrey A. Ross, Esq., a well-respected mediator with wage and hour class action experience.[4]  At the mediation, the Parties reached an agreement to resolve this action.[5]  All of the terms of the Settlement are set forth in the Settlement Agreement.[6]

The proposed Settlement warrants preliminary approval under Federal Rule of Civil Procedure ("Rule") 23 and Ninth Circuit case law.[7]  As Plaintiff discusses in detail below, the Settlement is the product of serious, non-collusive negotiations by highly experienced counsel who were well-informed about the case's key legal and factual issues, sufficient to assess the claims' value and settlement terms, and with the mediator's assistance.[8]  It provides an excellent

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[1] Docket ("Dkt.") 16 (FAC).

[2] Plaintiff Gary Ellis recently passed away.  Plaintiff Shipe agreed to act as class representative and was added as a named plaintiff to the FAC. Declaration of Eric A. Grover submitted herewith ("Grover Decl.") at ¶ 9.

[3] Grover Decl., Ex. A (the Joint Stipulation of Class Action Settlement and Release of Claims ("Settlement Agreement")).  All "Ex." references are to Grover Declaration exhibits unless otherwise noted.

[4] Ex. A at § II.B.

[5] Ex. A at § II.B; Grover Decl. at ¶ 14.

[6] Ex. A; Grover Decl. at ¶ 14.

[7] Ex. A. *See Briseño v. Henderson*, 998 F.3d 1014, 1026 (9th Cir. 2021) ("*Briseño*"), citing Rule 23(e) and *Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*), 654 F.3d 935, 946 (9th Cir. 2011) ("*Bluetooth*").

[8] Grover Decl. at ¶¶ 2-4, 11-14, 17-22, 33-35; *see* Declaration of Scot D. Bernstein submitted in support of the preliminary approval motion ("Bernstein Decl.") at ¶ 2, Ex. 1.

result for the Settlement Class on fair, reasonable and adequate terms.[9]  Defendant must pay $1,500,000 plus the employer's share of the payroll taxes, referred to as the Maximum Settlement Amount ("MSA"), and has no reversionary interest in that amount.[10]  The estimated Net Settlement Amount of $1,079,000 will be paid in full to the Class Members who do not opt-out, i.e., Settlement Class Members ("SCMs"), without requiring claim forms.[11]  If no SCM opts out, each will receive an Individual Settlement Payment averaging $490.45.[12]

Balancing the strength of Plaintiff's case with the risks of continued litigation, the Settlement is well within the range of approval.[13]  The Settlement contains none of the *Bluetooth* signs of collusion, i.e., no "clear sailing" agreement, no reverter clause, and allows a reasonable fee award to 25% of the MSA that is not a disproportionate distribution.[14] Also, the proposed Class meets the Rule 23 certification criteria for settlement purposes.[15]

Plaintiff requests that the Court: (a) grant preliminary approval of the Settlement, (b) conditionally grant certification of the proposed Settlement Class, (c) approve the appointment of Phoenix Settlement Administrators as the Settlement Administrator, (d) authorize notice pursuant to the proposed notice plan, (e) schedule a final fairness and approval hearing, (f) appoint Plaintiff Jeff Shipe as the settlement Class Representative, and (g) appoint Plaintiff's counsel Eric A. Grover and Robert Spencer of Keller Grover LLP and Scot D. Bernstein of Law Offices of Scot D. Bernstein, A Professional Corporation as settlement Class Counsel.

## II.    BACKGROUND

### A.    Factual background and procedural history.

Harder provides workers on a contract basis for its clients that operate oil refineries.[16]

---

[9] Grover Decl. at ¶¶ 17-35; *see also*, Ex. A at §§ II.C.

[10] *See* Ex. A at §§ I.Q, III.A., III.K.

[11] Ex. A at §§ I.R., I.FF, III.K.2.a; Grover Decl. at ¶¶ 22, 23.

[12] Ex. A at § III.K.2.a; Grover Decl. at ¶ 25.

[13] Grover Decl. at ¶¶ 17-35.

[14] *Bluetooth*, 654 F.3d at 943, 947-49; *see e.g.*, *Wong v. Arlo Techs.*, No. 5:19-cv-00372-BLF, 2021 U.S. Dist. LEXIS 58514, at *24 (N.D. Cal. Mar. 25, 2021) (fee award within the Ninth Circuit's range was not disproportionate).

[15] Ex. A at §§ I.F, I.FF and II.A.

[16] Dkt. 16 at ¶ 10.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

The work is performed at multiple locations in California, including but not limited to the Chevron refinery in Richmond, California.[17]  Plaintiff Shipe worked for Defendant in 2019 as an hourly-paid pipefitter on a project at the Chevron refinery in Richmond, California.[18]  Recently deceased Plaintiff Gary Ellis worked for Defendant in October 2018 as an hourly-paid pipefitter at the Chevron refinery in Richmond, California.[19]

After Gary Ellis initially filed this action on October 26, 2020 in in Contra Costa County Superior Court, Defendant removed to the United States District Court for Northern District of California on February 3, 2021.[20]  After Plaintiff Ellis passed away, Plaintiff Shipe agreed to act as class representative and the operative FAC adding Plaintiff Shipe was filed on March 22, 2022.[21]  The FAC alleges that Defendant failed to pay at least the minimum wage for all pre-shift and post-shift time worked and failed to pay all wages due upon termination.[22]  Based on that alleged conduct, the FAC asserts putative class claims based on allegations that Defendant violated California Business & Professions Code §§ 17200, *et seq.*, California Labor Code §§ 201-203, 1194, 1194.2, 1197 and 1197.1, and Wage Order 16.[23]

Defendant has denied all of the allegations in their entirety.[24]  To date, no court has found any wrongdoing on the part of Defendant or that it otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues in the litigation.[25]

In an effort to avoid the risk and expense of lengthy litigation, the Parties agreed to attend private mediation relatively early in the course of this action.[26]

///

---

[17] Dkt. 16 at ¶ 10.
[18] Dkt. 16 at ¶¶ 4, 11.
[19] Dkt. 16 at ¶¶ 5, 11.
[20] Dkt. 1 and 1-1.
[21] Dkt. 16.
[22] Dkt. 16 at ¶¶ 10-13, 27-45.
[23] Dkt. 16 at ¶¶ 27-45.
[24] Grover Decl. at ¶ 8; Ex. A at § II.D.
[25] Grover Decl. at ¶ 8.
[26] Grover Decl. at ¶ 10; Ex. A at § II.B.

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### B.    The settlement process.

Prior to bringing the action, Class Counsel investigated Plaintiff Ellis's legal claims and factual circumstances.  The investigation and informal discovery provided Class Counsel with relevant information regarding the legal and factual issues affecting the class claims in this case.[27]

In preparation for mediation, the Parties exchanged all of the information and data necessary to provide each other with a thorough understanding of their respective legal theories and defenses and to engage in productive settlement negotiations.[28]  Among the information that Class Counsel had in connection with the mediation was the following:

(A)    The number of Class Members:

> o  There are approximately 2,200 total unique Class Members. The Class Period is May 1, 2016 through June 2, 2022, inclusive.

(B)    The number of Qualified Shifts:

> o  There are an estimated 360,000 total "Qualified Shifts," *i.e.* any and all shifts during which Class Members performed work for Defendant in California during the Class Period (as reflected in Defendant's records of each Class Member's dates of employment and pay records).[29]

Armed with sufficient information and data, the parties were able to engage in informed, arms'-length negotiations of possible settlement alternatives and were able to reach a resolution of their dispute.  After exchanging documents and data, on March 2, 2022, the Parties participated in an all-day mediation session with the highly experienced and skilled mediator, Jeffrey A. Ross, Esq.[30]  Through the mediation, the Parties agreed to settle the entire action, subject to the Court's approval.[31]  All terms of the Parties' settlement are set forth in the Settlement Agreement.[32]

///

///

---

[27] Grover Decl. at ¶ 11.

[28] Ex. A at § II.B; Grover Decl. at ¶ 12.

[29] Grover Decl. at ¶ 13.

[30] Ex. A at § II.B; Grover Decl. at ¶ 14.

[31] Ex. A at § II.B; Grover Decl. at ¶ 14.

[32] *See generally*, Ex. A; Grover Decl. at ¶ 14.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    **III.    THE SETTLEMENT AGREEMENT**

2    **A.    The Settlement Class definition.**

3    The Parties have agreed that Settlement Class Members ("SCMs") are "all Class Members

4    who do not submit a valid Request for Exclusion," and have defined "Class Members" as:

5    
6    > all current and former hourly employees who worked for Defendant in
   > California during the Class Period.[33]

7    The Class Period is May 1, 2016 through June 2, 2022, inclusive.[34]   Based on Defendant's

8    records, there are an estimated 2,200 Class Members.[35]

9    **B.    The Settlement benefits.**

10    The Settlement provides that Defendant will fund the MSA in the amount of $1,500,000

11    plus Defendant's share of payroll taxes to resolve the claims covered by the Settlement.[36]   After

12    subtracting out the amounts allocated to Class Counsel's award of fees (no more than $375,000)

13    and actual, out-of-pocket expenses and costs (estimated not to exceed $20,000), Class

14    Representative Incentive Awards (not to exceed $4,000 each), and the settlement administration

15    costs (not to exceed $18,000), the remaining funds, referred to as the Net Settlement Amount, will

16    be distributed in full to the SCMs, defined as Class Members who do not submit a valid, timely

17    request for exclusion.[37] The Net Settlement Amount is estimated to be $1,079,000.[38]   Defendant

18    has no revisionary interest in the MSA.[39]

19    **C.    Payments to Settlement Class Members.**

20    The Settlement provides that SCMs will receive Individual Settlement Payments without

21    the need to submit a claim form.[40]   Each SCM's Individual Settlement Payment will be calculated

22    in the manner set forth in Section K.2.1.a of the Settlement Agreement, which provides that the

23    ───────────────

24    [33] Ex. A at §§ I.F and I.FF.

     [34] Ex. A at § I.G.

25    [35] Grover Decl. at ¶¶ 13, 38.

     [36] Ex. A at §§ I.Q, III.K.

26    [37] Ex. A at §§ I.R, I.FF, and III.K.2.a; see, §§ I.D, I.H, III.K.; Grover Decl. at ¶¶ 22-23.

27    [38] Grover Decl. at ¶ 22; Ex. A at § I.R.

     [39] Ex. A at §§ I.Q; III.K.

28    [40] Ex. A at § III.K.2.a.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Settlement Administrator will calculate the total number of Qualified Shifts for all SCMs and then will divide the number of Qualified Shifts for each SCM by that total.[41]  The resulting "Payment Ratio" for each SCM then will be multiplied by the Net Settlement Amount to calculate that SCM's share of the Net Settlement Amount, except that no gross Individual Settlement Payment will be less than $25.[42]  Through the Settlement, each SCM is expected to receive an Individual Settlement Payment of, on average, $490.45.[43]

## D.    Unclaimed funds.

The *cy pres* doctrine allows for unclaimed portions of a class action settlement fund to be distributed in a manner that still indirectly benefits the class.[44]  All checks issued to Settlement Class Members shall remain valid and negotiable for 180 calendar days from the date of their issuance.[45]  Here, the Parties have agreed that, subject to the Court's approval, the Settlement Administrator will send any unclaimed funds to the State Controller's Office, Unclaimed Property Division.[46]

## E.    Limited Release applicable to Settlement Class Members.

The Settlement Agreement provides a Limited Release applicable to the SCMs, through which SCMs, including Plaintiff Shipe, will release only the claims in the operative FAC.[47] Specifically, the Released Claims are defined as:

> all claims arising during the Class Period under state, federal, or local law, arising out of the claims pleaded in the Complaint on file in the Action (i.e., Labor Code §§ 201, 202, 203, 1194, 1194.2, and IWC Wage Order No. 16-2001 and Business & Professions Code §§ 17200, *et seq.* claims based on alleged violations of these Labor Code and Wage Order provisions) and all other claims, such as those under the California Labor Code, Wage Orders, regulations, and/or other provisions of law, that could have been pleaded based on the facts asserted in the Action, including: (1) failure to timely pay employees upon separation or discharge; (2) failure

---

[41] Ex. A at § III.K.2.a.1; *see*, § I.Z.

[42] Ex. A at § III.K.2.a.1; *see*, §§ I.P, I.X and I.Z.

[43] $1,079,000/2,200 = $490.45; Grover Decl. at ¶ 25.

[44] *Romero v. Perryman (In re Easysaver Rewards Litig.)*, 906 F.3d 747, 761 (9th Cir. 2018).

[45] Ex. A at § III.K.2.d.

[46] Ex. A at § III.K.2.d; Grover Decl. at ¶ 47.

[47] Ex. A at § III.B, *see also*, §§ I.AA, I.BB (defining the Released Parties).

to pay all wages due and owing for time worked; (3) all related violations of the applicable Wage Orders; (4) all related violations of California's unfair competition law; and (5) interest, fees, and costs ("Released Claims"). The enumeration of these specific statutes shall neither enlarge or narrow the scope of res judicata based on the claims that were asserted in the Action or could have been asserted in the Action based on the facts and circumstances alleged in any complaint on file in the Action.[48]

**F.    The General Releases by Plaintiff Shipe and the Estate of Gary Ellis.**

Plaintiff Shipe and the Estate of Gary Ellis will provide their General Release in exchange for a general release payment, which is included in each Class Representative Incentive Award.[49] The Class Representative Incentive Awards are in addition to Plaintiff Shipe's and Estate of Gary Ellis' Individual Settlement Payments.  Plaintiff Shipe and the Estate of Gary Ellis will apply for the Court's approval of the combined Class Representative Incentive Awards with the motion for attorneys' fees and costs.[50]

**G.    Class Notice.**

The proposed Notice of Class Action Settlement (the "Notice") explains the terms of the Settlement, how Class Members can opt out or object to the Settlement and the deadlines for doing so.[51]  The Notice will be individualized to state each Class Member's number of Qualified Shifts and calculation of the estimated Individual Settlement Payment.[52]  The Notice also sets forth the release that the SCMs will provide in exchange for the Individual Settlement Payment.[53]

The Notice informs Class Members that Class Counsel will file a motion seeking an award of attorneys' fees and reimbursement of actual litigation costs and expenses and requesting approval of the Class Representative Incentive Awards.[54]  The Notice states the deadline by

---

[48] Ex. A at § I.AA.

[49] Ex. A at §§ III.C, III.K.3; *see also*, § I.H; Grover Decl. at ¶¶ 29, 46.

[50] Ex. A at § III.K.3; *see* Grover Decl. at ¶ 45.

[51] Ex. A at §§ I.S, III.J.2, Settlement Agreement Exhibits 1 (the proposed Notice) and 2 (the proposed mailing envelope).

[52] Ex. A at § III.J.2.b, Settlement Agreement Exhibit 1.

[53] Ex. A at § III.J.2.a, Settlement Agreement Exhibit 1.

[54] *See* Ex. A, Settlement Agreement Exhibit 1.

1  which that motion must be filed.[55]

2  **H.    Opt Out, Objection and Dispute Procedures.**

3  The Settlement provides Class Members with 45 calendar days from the date the Notices

4  are mailed to request exclusion from or object to the Settlement.[56]  The Notice will provide a

5  specific date informing the Class Members of the exact deadline and instructions as to how to opt

6  out of and how to object to the Settlement.[57]  The postmark date of a Class Member's Request for

7  Exclusion or Objection will determine whether it is timely.[58]

8  Class Members also have the opportunity to dispute the number of Qualified Shifts stated

9  on their individualized Notice by providing documentation or an explanation to support that he or

10  she worked a different number of shifts during the Class Period.[59] If there is a dispute, the

11  Settlement Administrator will consult with the Parties to decide if an adjustment is warranted.[60]

12  **I.    Class Representative Incentive Awards.**

13  The Settlement provides that Plaintiff Shipe, who is the proposed class representative, and

14  the Estate of Gary Ellis[61] may seek reasonable Incentive Awards to compensate them for the risks

15  that Plaintiffs Shipe and Ellis incurred and the time and effort they expended in bringing and

16  prosecuting the employment-related claims alleged in this action on behalf of the Class.[62]  The

17  Settlement provides a reasonable award of not more than $4,000 each for Plaintiff Shipe and the

18  Estate of Gary Ellis.[63]

19  In the event that the Court reduces the Incentive Award, Plaintiff Shipe and the Estate of

20  Gary Ellis shall not have the right to modify or revoke the Settlement, the Settlement will remain

21  binding, and neither Plaintiff nor the Estate of Gary Ellis may seek an increase in the MSA on

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

22  _____

23  [55] *See* Ex. A, Settlement Agreement Exhibit 1.
   [56] Ex. A at §§ III.J.7 and III.J.8; *see also*, § I.CC; Ex. A, Settlement Agreement Ex. 1.

24  [57] Ex. A, Settlement Agreement Ex. 1.

25  [58] Ex. A at §§ I.CC, III.J.7 and III.J.8.
   [59] Ex. A at § III.J.5.

26  [60] Ex. A at § III.J.6.

27  [61] Plaintiff Ellis was the proposed class representative until his untimely passing earlier this year.
   [62] Ex. A at § III.K.3.a; *see also*, § I.H; Grover Decl. at ¶¶ 29, 44-46.

28  [63] Ex. A at § III.K.3.a; *see*, § I.H; *see* Grover Decl. at ¶ 44.

that basis.[64]   Any unawarded amount becomes part of the Net Settlement Amount to be distributed to SCMs.[65]

### J.   Attorneys' Fees and Costs.

The Settlement provides that Class Counsel may seek an award of attorneys' fees of no more than $375,00, which is 25% of the MSA, and actual out-of-pocket litigation expenses and costs, which are estimated not to exceed $20,000.[66]   The fee amount, supported by Class Counsels' lodestar, is intended to compensate for their efforts and risk in prosecuting this action, including the work still to be performed documenting and securing approval of the Settlement, ensuring that the Settlement is administered and implemented fairly, and obtaining dismissal of the action.[67]

Class Counsel will file a separate motion requesting an award of attorneys' fees and costs and the Class Representative Incentive Awards no later than 14 days before the Response Deadline.[68]   Class Counsel has provided initial lodestar calculations and litigation costs for preliminary approval purposes but will provide updated, detailed information with the motion for fees and costs.[69]

In the event that the Court reduces the requested Class Counsel Award, neither Plaintiff, the Estate of Gary Ellis, nor Class Counsel shall have the right to modify or revoke the Settlement, the Settlement will remain binding, and neither Plaintiff, the Estate of Gary Ellis, nor Class Counsel may seek an increase in the MSA on that basis.[70]   Any unawarded portion of the requested Class Counsel Award shall be part of the Net Settlement Amount and shall be distributed to SCMs as provided in this Agreement.[71]

///

---

[64] Ex. A at §§ III.K.3.d.

[65] Ex. A at §§ III.K.3.b.

[66] Ex. A at § III.K.4.a; *see also*, § I.D.

[67] Ex. A at § I.D; *see* Grover Decl. at ¶¶ 51-60; Bernstein Decl. at ¶ 3.

[68] Ex. A at §§ III.K.3 and III.O.

[69] Grover Decl. at ¶¶ 53-60; Bernstein Decl. at ¶ 3.

[70] Ex. A at §§ III.K.4.f, III.3.d.

[71] Ex. A at §§ III.K.4.c, III.3.d.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### K.    Settlement Administration.

Subject to the Court's approval, the Parties have selected Phoenix Settlement Administrators as the proposed third-party Settlement Administrator after reviewing proposals from three administrators.[72]  Class Counsel has worked with Phoenix Settlement Administrators on several other class settlements in the past two years.[73]  The Settlement Agreement allocates up to $18,000 of the MSA for the administration costs.[74]  Because the Class Members are Harder's former and current employees whose identities and contact information are readily available, the Parties agreed that mail notice provides the best practicable notice under the circumstances.[75] The administration costs are reasonable given the number of Class Members, the number of Individual Settlement Payment to be calculated, and the notice procedures involved.[76]

## IV.    THE SETTLEMENT MERITS PRELIMINARY APPROVAL

### A.    The legal standard for approving proposed class action settlements.

Rule 23(e) requires district courts to approve any proposed class settlement to ensure that it "is 'fair, reasonable, and adequate,'" to protect absent class members' interests "while also accounting 'for the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'"[77]  Rule 23(e)(2) sets forth factors that courts must consider when assessing a settlement, including whether:

> (A)    the class representatives and class counsel have adequately represented the class;  (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement

---

[72] Ex. A at § I.EE.

[73] Grover Decl. at ¶ 49.

[74] Ex. A at § III.K.5.

[75] Grover Decl. at ¶ 31.

[76] Grover Decl. at ¶ 49.

[77] *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1120-21 (9th Cir. 2020), quoting Rule 23(e)(2) and *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc) ("*Hyundai*").

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1

2

required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.[78]

3

4

5

The Rule 23(e) factors are "not intended to displace any factors currently considered by courts, 'but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal.'"[79]

6

7

Although the relevant factors "will naturally vary from case to case," courts generally consider:

8

9

10

11

(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; … and (8) the reaction of the class members of the proposed settlement.[80]

12

13

14

15

At the preliminary approval stage, courts routinely grant approval when the class settlement: "(1) appears to be the product of serious, informed, non-collusive negotiations; (2) does not grant improper preferential treatment to class representatives or other segments of the class; (3) falls within the range of possible approval; and (4) has no obvious deficiencies."[81]  With collusion

16

17

18

19

20

being a key concern, courts look for three red flag indicators outlined in *Bluetooth*: whether (1) class counsel will receive "a disproportionate distribution of the settlement," (2) the defendant agreed to a "clear sailing arrangement" by which it will not challenge the agreed-upon attorneys' fees, and (3) there is a "'kicker' or 'reverter' clause[,]" by which funds allocated for class counsel's fees that the court does not approve are returned to the defendant.[82]

21

///

22

23

[78] Rule 23(e)(2); *see Briseño*, 998 F.3d. at 1022-26 (citing Rule 23(e)(2)).

24

[79] *Miguel-Sanchez v. Mesa Packing, LLC*, No. 20-cv-00823-VKD, 2021 U.S. Dist. LEXIS 84437, at *22 (N.D. Cal. May 3, 2021), quoting Rule 23(e) Advisory Comm. Note to 2018 amendment.

25

[80] *Bluetooth*, 654 F.3d at 946 (internal quotations and citation omitted); *Briseño*, 998 F.3d. at 1023 (listing same factors).

26

27

[81] *See e.g.*, *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2020 U.S. Dist. LEXIS 132712, at *22-23 (N.D. Cal. July 27, 2020); *Toolajian v. Air Methods Corp.*, No. 18-cv-06722-AGT, 2020 U.S. Dist. LEXIS 250904, at *22 (N.D. Cal. Apr. 24, 2020).

28

[82] *Briseño*, 998 F.3d. at 1026-27, citing *Bluetooth*, 654 F.3d at 947-49.

**B.    The proposed class action settlement is fair, adequate and reasonable.**

1.    The Settlement is the result of serious, informed, non-collusive negotiations.

At the preliminary approval stage, courts routinely find that a settlement is fair where it is reached through arm's-length bargaining by well-qualified, highly experienced counsel who are familiar with the strengths and weakness of the action.[83]    When the parties have conducted informal discovery and participated in a full-day formal mediation with a skilled, experienced mediator prior to reaching a settlement, the settlement process supports preliminary approval.[84]

Here, the Settlement was a product of non-collusive, arm's-length negotiations during which the Parties were represented by skilled and experienced counsel.[85]    Class Counsel are highly experienced in litigating and settling similar wage and hour class actions.[86]    They have investigated the factual and legal issues in this action and diligently litigated the Class Members' claims.[87]    The Parties engaged in informal discovery prior to participating in formal mediation.[88] Through their independent investigation, informal discovery, and information exchanged at the mediation, Class Counsel "obtained sufficient information to make an informed decision about the Settlement and about the legal and factual risks of the case."[89]

The Parties participated in a mediation session on March 2, 2022 with Jeffrey A. Ross,

---

[83] *See e.g.*, *Hanlon v. Chrysler Corp*, 150 F.3d 1011 1027 (9th Cir. 1988) (affirming approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *In re Lenovo Adware Litig.*, 2018 U.S. Dist. LEXIS 198909, at *28 (N.D. Cal. Nov. 21, 2018) (class counsel's recommendation of the settlement after arms'-length negotiations weighed in favor of fairness).

[84] *See e.g.*, *Moreno v. Capital Bldg. Maint. & Cleaning Servs.*, No. 19-cv-07087-DMR, 2021 U.S. Dist. LEXIS 87268, at *27 (N.D. Cal. May 5, 2021) (informal discovery and mediation supported parties "had sufficient information to make an informed decision about the settlement."); *Perks v. ActiveHours, Inc.*, No. 5:19-cv-05543-BLF, 2021 U.S. Dist. LEXIS 57272, at *13-14 (N.D. Cal. Mar. 25, 2021) (similar, discussing the court's previous findings at preliminary approval).

[85] *See* Grover Decl. at ¶¶ 2-4, 11-14, 17, 33; *see*, Ex. A at §§ II.B.

[86] Grover Decl. at ¶¶ 2-4, 11, 17; Bernstein Decl. at ¶ 2, Ex. 1.

[87] Grover Decl. at ¶¶ 11-14, 33.

[88] Grover Decl. at ¶¶ 12-13.

[89] Grover Decl. at ¶¶ 11-14, 17-22, 33-35; *Perks*, 2021 U.S. Dist. LEXIS 57272, at *13-14 (approving class settlement at relatively early stage of the litigation); *see also*, *e.g.*, *Taafua v. Quantum Glob. Techs., LLC*, No. 18-cv-06602-VKD, 2021 U.S. Dist. LEXIS 28754, at *19 (N.D. Cal. Feb. 16, 2021) (similar, finding that class counsel "had sufficient information to properly evaluate the merits of the claims and to make an informed decision about settlement.").

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Esq., an experienced mediator in wage and hour cases.[90]  With the mediator's assistance, the Parties reached a settlement.[91]  Class Counsel believe that the Settlement that the Parties reached is fair, reasonable and adequate, weighing in favor of preliminary approval.[92]

Further, the Settlement has none of the *Bluetooth* signs of collusion.[93]  The Settlement permits Class Counsel to seek attorneys' fees amounting to 25% of the MSA, and actual litigation costs and expenses.[94]  Courts have found that, when a settlement allows a fee request within the Ninth Circuit's range, there is not a disproportionate distribution to Class Counsel.[95]  The Net Settlement Amount is estimated to be $1,079,000 and will be paid out in full to the SCMs, who are not required to submit claims.[96]  Thus, the Settlement ensures that SCMs will receive a substantial share of the MSA and Class Counsel will not receive a disproportionate share.[97]

The Settlement does not provide that any unused or unawarded funds will revert to Defendant.[98]  If the Court does not award the full amounts requested for attorneys' fee and costs or Class Representative Incentive Awards, the unawarded funds become part of the Net Settlement Amount.[99]  If the Court does not award the full amounts requested, the Settlement provides that Plaintiff Shipe, the Estate of Gary Ellis and Class Counsel "shall not have the right to modify or revoke the Settlement, and the Settlement will remain binding," and Plaintiff Shipe, the Estate of Gary Ellis and Class Counsel may not seek, request, or demand an increase in the

---

[90] Ex. A at § II.B; Grover Decl. at ¶ 14.

[91] Ex. A at § II.C; Grover Decl. at ¶ 14.

[92] Grover Decl. at ¶¶ 17-35.

[93] *Briseño*, 998 F.3d. at 1026-27, citing *Bluetooth*, 654 F.3d at 947-49.

[94] Ex. A. at § III.K.4.a.

[95] *E.g.*, *Perez v. CVS Health Corp.*, No. 1:19-cv-00449-DAD-BAM, 2021 U.S. Dist. LEXIS 110216, at *25 (E.D. Cal. June 11, 2021) (finding no disproportionate distribution as the 33.33% fee request was within the Ninth Circuit's accepted range); *Wong*, 2021 U.S. Dist. LEXIS 58514, at *24 (same as to 25% fee request). *See*, *Bluetooth*, 654 F.3d at 943 (noting 25% is benchmark).

[96] Grover Decl. at ¶¶ 22-23; Ex. A at §§ I.R, III.K.2.a.

[97] Contrast *Briseño*, 998 F.3d. at 1018, in which class counsel received more than seven times what the class members receive in the claims-made settlement.

[98] *See* Ex. A at §§ III.K and I.Q.  *See, e.g.*, *Briseño*, 998 F.3d. at 1027.

[99] Ex. A at §§ III.K.3.b. and III.K.4.c.

MSA on that basis."[100]   Further, any funds from Individual Settlement Payment checks that remain uncashed 180 days after the issuance date will be distributed to the State Controller's Office, Unclaimed Property Division.[101]

Further, the Settlement does not include a clear sailing arrangement.[102]  Defendant has not agreed to refrain from challenging Class Counsel's fee motion.

### 2.  The Settlement falls within the range of possible approval.

To evaluate whether the settlement is within the range of possible approval, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer,'" while also considering the risks of continued litigation and of maintaining class status.[103]

The Settlement represents a strong result for the SCMs. The Net Settlement Amount is estimated to be $1,079,000 and will be distributed to SCMs in full.[104]  Each Individual Settlement Payment is estimated to be, on average, $490.45.[105]  Class Counsel has calculated the maximum value of the strongest class claim at $1,404,000.[106]  The estimated $1,079,000 Net Settlement Amount represents 77% of the maximum damage calculation of the strongest claim.[107]  Although the maximum theoretical damages of the remaining Labor Code §§ 203 and 1194.2 claims exceed the Net Settlement Amount by a substantial amount, the defenses to those claims discussed in the Grover declaration warrant a substantial discount.[108]

Although Plaintiff is confident that the class claims are strong, he also recognizes that, if litigation continued and proceeded to trial, he would have encountered legal and factual hurdles

---

[100] Ex. A at §§ III.K.3.d and III.K.4.f.

[101] Ex. A at § III.K.2.d.

[102] *See generally*, Ex. A.

[103] *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *25-26; *see also*, *e.g.*, *Toolajian*, 2020 U.S. Dist. LEXIS 250904, at *26 *28 and *Betorina v. Randstad US, L.P.*, No. 15-cv-03646-EMC, 2017 U.S. Dist. LEXIS 53317, at *22 (N.D. Cal. Apr. 6, 2017).

[104] Ex. A at § III.K.2.a; Grover Decl. at ¶ 22.

[105] Grover Decl. at ¶ 25.

[106] Grover Decl. at ¶¶ 18, 20.

[107] Grover Decl. at ¶ 19.

[108] Grover Decl. at ¶¶ 18-22, 34-35.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

that could have prevented the Class from obtaining any recovery.[109]  For example, due to the development of case law, where the putative class members are unionized, Plaintiffs and the Class are limited to a recovery based on the California state minimum wage instead of the higher hourly wage rates found in the appliable union contracts.[110]  Defendant also has raised what it considers to be substantial defenses to the Labor Code § 1194.2 liquidated damages claim and Labor § 203 waiting time penalty claim.[111] With regard to those claims, Defendant points out that a level of willfulness is required to impose liability in connection with both of these claims. Defendant has argued that, before the decision of the California court of appeal in *Gutierrez v. Brand Energy Services of California, Inc.* (2020) 50 Cal.App.5th 786, it was uncertain whether the pre-shift time at issue in this case was compensable, thus defeating any argument that Defendant's actions were willful.[112]

Considering the strength of Plaintiff's case, the risks of continued litigation and of not succeeding at class certification, and the settlement amount achieved, the proposed Settlement is adequate, fair and well within the range of reasonableness.

### 3.  The Settlement has no obvious deficiencies.

The Settlement has no obvious deficiencies.  The Settlement does not grant preferential treatment to Plaintiff or any segment of the Class.  SCMs will receive payments based on their pro-rata share of the total Qualified Shifts, making the distribution fair.[113]

The Settlement allows Plaintiff Shipe and the Estate of Gary Ellis to seek Incentive Awards of up to $4,000 each.[114]  Incentive awards are "fairly typical in class action cases" and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action."[115] A "$5,000 incentive

---

[109] Grover Decl. at ¶¶ 17-22, 33-35.

[110] *See, e.g., Parker v. Cherne Contracting Corporation,* Case No. 18-cv-01912-HSG, 2019 U.S. Dist. Lexis 14235 *2-4 (January 29, 2019).

[111] Grover Decl. at ¶¶ 19-21.

[112] Grover Decl. at ¶ 21.

[113] Ex. A at § III.K.2.  *See e.g.*, *Toolajian*, 2020 U.S. Dist. LEXIS 250904, at *26.

[114] *See* Ex. A at § III.K.3.

[115] *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Morrison*, 2020 U.S.
*(Cont'd)*

award to each named plaintiff is presumptively reasonable," especially when, as here, "the parties agree that the settlement shall remain in force regardless of any incentive award."[116]  Plaintiffs Shipe and Ellis each have spent time and effort prosecuting this action against their former employer on the Class' behalf.[117]  Plaintiff Shipe will provide a detailed declaration of his work and time spent in this action with the motion for approval of the Incentive Awards.[118]  At this stage, the fact that the proposed Incentive Awards are not per se unreasonable is sufficient.[119]

The Settlement also provides that Plaintiff Shipe and the Estate of Gary Ellis will enter into a General Release in exchange for payment that is included with the Incentive Award amount.[120] The General Release does not apply to the SCMs.[121]  The Incentive Awards are not preferential treatment because the SCMs will not be subject to or affected by the General Release.

**C.      The proposed attorneys' fees and costs awards are reasonable.**

The Settlement permits Class Counsel to request fees of $375,000, which is 25% of the MSA, and their actual litigation costs and expenses.[122] The proposed fee request is reasonable. District "courts have consistently approved of attorney fee awards over the 25% benchmark, specifically at a rate of 30% or higher."[123] Here, the proposed fee award is at the benchmark.

The proposed fee award also is supported by Class Counsel's lodestar.[124] Class Counsel

---

Dist. LEXIS 132712, at *24-25, quoting same.

[116] *Ahmed v. HSBC Bank USA*, No. ED CV 15-2057 FMO (SPx), 2019 U.S. Dist. LEXIS 104401, at *34-35 (C.D. Cal. June 21, 2019), citing *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014). *See* Ex. A at § III.K.3.b.

[117] Grover Decl. at ¶¶ 44-45.

[118] Grover Decl. at ¶ 45.

[119] *See e.g.*, *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *25.

[120] *See* Ex. A at § III.K.3.

[121] *See id.*

[122] Ex. A. at § III.K.4.a.

[123] *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (internal quotations and original alternations omitted); *see also*, *e.g.*, *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020) ("California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions" when the common fund is under $10 million," (internal quotation and citation omitted)).

[124] "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *Bluetooth*, 654 F.3d at 942.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    preliminarily calculates their current lodestar to be approximately $203,865 and expects the total

2    lodestar to increase to approximately $225,000.[125]   The proposed $375,000 fee award thus

3    reflects a 1.67 multiplier.  Class Counsel will provide updated lodestar information with the

4    motion for award of fees.[126]

5        The Settlement also provides that Class Counsel may seek reimbursement of their out-of-

6    pocket expenses and costs incurred litigating this action.[127]  Class Counsel's actual costs and

7    expenses to date are approximately $11,400 and are not expected to exceed $20,000.[128]  They

8    include mediation fees, filing fees, legal research fees, mileage, meals, mailing charges, and

9    postage costs. Class Counsel will provide detailed expense and cost information with the fee

10   motion.[129]

11       **D.    The proposed notice procedure should be approved.**

12       Rule 23(c)(2)(B) provides that "the court must direct to class members the best notice that

13   is practicable under the circumstances, including individual notice to all members who can be

14   identified through reasonable effort."[130]  Rule 23(c)(2)(B) requires that the notice "clearly and

15   concisely" states in "plain," easy-to-understand language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the
> class claims, issues, or defenses; (iv) that a class member may enter an
> appearance through an attorney if the member so desires; (v) that the court
> will exclude from the class any member who requests exclusion; (vi) the
> time and manner for requesting exclusion; and (vii) the binding effect of a
> class judgment on members.[131]

20       The proposed Notice (Settlement Agreement Exhibit 1) fully complies with Rule 23 and

21   due process.[132]  The Notice informs Class Members about the Settlement terms, the date, time

---

[125] Grover Decl. at ¶¶ 54-57; Bernstein Decl. at ¶ 3.

[126] Grover Decl. at ¶ 52.

[127] Ex. A at §§ III.K.4.a and I.D.

[128] Grover Decl. at ¶¶ 58-60.

[129] Grover Decl. at ¶ 58.

[130] *See also*, *e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Low v. Trump Univ., Ltd. Liab. Co.*, 881 F.3d 1111, 1117 (9th Cir. 2018).

[131] Fed. R. Civ. P. 23(c)(2)(B); Ex. A at § III.K.2, Settlement Agreement Ex. 1.

[132] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires that notice be reasonably calculated "to apprise interested parties of the pendency of the action and

*(Cont'd)*

and location of the final approval hearing, and how to enter an appearance.[133]  The Notice explains how to object to the Settlement and the deadline to do so.[134]  The Notice informs Class Members of their right to opt out of the Settlement, how to do so and the deadline.[135]  The Notice also states how individual recoveries will be determined and provides an estimated settlement amount for each Class Member.[136]  Thus, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement notice disseminated under authority of the Court.

In addition, the procedures to disseminate the Notice ensure it will be sent to Class Members in the manner best calculated to ensure that they are alerted to the terms of the Settlement.[137]  Defendant will provide the Settlement Administrator with each Class Member's contact information and Qualified Shifts for each Class Member during the Class Period.[138]  The Settlement Administrator will perform address updates and verifications as necessary and send the Notice via first-class U.S. mail.[139]  If a Notice is returned, the Settlement Administrator will conduct address follow-up and will re-mail the Notice to any updated address.[140]

Because the Class Members are Defendant's current and former employees, notice in this action is simpler than in other types of class actions.  The proposed notice plan meets constitutional standards and should be approved.[141]

///

///

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

afford them an opportunity to present their objections."); *Hyundai*, 926 F.3d at 567 (similar).

[133] Ex. A, Settlement Agreement Ex. 1.

[134] Ex. A, Settlement Agreement Ex. 1.

[135] Ex. A, Settlement Agreement Ex. 1.

[136] Ex. A at § III.J.2.b, Settlement Agreement Ex. 1.

[137] Ex. A at § III.J; Settlement Agreement Exs. 1 and 2.

[138] Ex. A at §§ I.Z, III.J.1 and III.J.2.

[139] Ex. A at §§ III. J.3 and III.J.4.

[140] Ex. A at §§ III.J.4.

[141] *See e.g.*, *Taafua*, 2021 U.S. Dist. LEXIS 28754, at *10-12 (approving notice by mail); *Morrison*, 2020 U.S. Dist. LEXIS 132712, at *26-27 (same).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**E.    The proposed Class satisfies Rule 23's certification criteria for settlement purposes. [142]**

Rule 23(a) sets out four prerequisites for class certification: numerosity, commonality, typicality, and adequacy of representation.[143]   Rule 23(b)(3) further requires that common questions of law or fact predominate over any individualized questions, and that the class action must be the "superior method for fairly and efficiently adjudicating the controversy."[144]   "The criteria for class certification are applied differently in litigation classes and settlement classes."[145]   In the settlement context, the analysis focuses "'on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives,'" with "heightened attention" placed on "protect[ing] absentees … from overbroad class definitions," whereas manageability at trial is not relevant.[146]

1.    The Rule 23(a) prerequisites are satisfied.

*a.    The proposed Class is so numerous that joinder is impracticable.*

Rule 23(a)(1) requires that the proposed class is so numerous that joinder is impracticable, with courts in this Circuit agreeing that 40 or more members satisfies numerosity.[147]   The proposed Class here is sufficiently numerous as Defendant estimates that approximately 2,200 former and current hourly, non-exempt employees work or have worked for Harder in California during the Class Period.[148]

Also, the proposed class definition is tailored to include only those former and current employees who were or are subject to Defendant's conduct, policies and practices that are at issue

---

[142] Defendant has agreed to the certification of the proposed Class for purposes of settlement approval only.  Ex. A at § II.A.

[143] Rule 23(a)(1)-(4).

[144] Rule 23(b)(3).

[145] *Hyundai.*, 926 F.3d at 556.

[146] *Id.* at 557-58, quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); *Jabbari v. Farmer*, 965 F.3d 1001, 1005-07 (9th Cir. 2020) (same).

[147] *See e.g.*, *Fleming v. Matco Tools Corp.*, No. 19-cv-00463-WHO, 2021 U.S. Dist. LEXIS 33513, at *8 (N.D. Cal. Feb. 21, 2021), citing cases.

[148] Grover Decl. at ¶ 38.

1   in this case and their identities are easily ascertainable from Defendant's records.[149]

2   **b.   Common questions of law and fact exist in this action.**

3   Rule 23(a)(1) is met when there is even a single question of law or fact common to the

4   class.[150]    Here, the proposed Class Members' claims all stem from a common set of

5   circumstances.  All of the proposed Class Members worked for Harder on-site at locations in

6   California during the Class Period.  Plaintiff alleges that all Class Members were subject to

7   Defendant's uniform practices and policies regarding pay for pre-shift and post-shift work and

8   termination pay.[151]  Those uniform policies and practices are at the core of Plaintiff's allegations

9   that Defendant violated the Labor Code and Business & Profession Code.[152]  All Class Members

10  seek the same legal remedies under the same state laws.[153]  Those circumstances raise questions

11  of law and fact that are common to all proposed Class Members.

12  **c.   The proposed Class Representative's claims are typical of the Class'
         claims.**

13

14  Typicality is satisfied if the named plaintiff's claims "are reasonably co-extensive with

15  those of absent class members; they need not be substantially identical."[154]  Here, Plaintiff Shipe,

16  the proposed Class Representative, like all proposed Class Members, worked on-site for

17  Defendant in California, was paid hourly, and was subject to Defendant's alleged uniform wage

18  policies and practices during the Class Period.[155]  Thus, Plaintiff Shipe's claims arise from the

19  same course of conduct from which the proposed Class Members' claims arise.[156]

20  ///

21

22  [149] Grover Decl. at ¶ 38. *See Hyundai*, 926 F.3d at 557-58 (in the settlement context, protecting absentee class members from overbroad class definitions is a key concern).

23  [150] Rule 23(a)(1); *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1133 (9th Cir. 2016),
24  quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (internal alterations and some quotations omitted)).

25  [151] *See* Dkt. 16 at ¶¶ 8, 14, 37, 42.

    [152] *See* Dkt. 16 at ¶¶ 10-45; Grover Decl. at ¶ 39.

26  [153] *See* Dkt. 16 at ¶¶ 16, 21, 27-45 and Prayer for Relief; Grover Decl. at ¶ 39.

27  [154] *Hanlon*, 150 F.3d at 1020; Rule 23(a)(3).

    [155] *See* Dkt. 16 at ¶¶ 4, 5, 11, 17, 22; Grover Decl. at ¶ 40.

28  [156] Grover Decl. at ¶ 40.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

### d. *The proposed Class Representative will adequately represent the Class.*

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class," which means that the proposed class representative and his counsel have no conflicts of interest with the class members and must vigorously prosecute the action on their behalf.[157]   Neither Plaintiff Shipe nor his Counsel have any known conflicts with any proposed Class Member.[158]   Plaintiff Shipe has demonstrated that he will aggressively and competently assert the interests of the proposed Class and have retained competent counsel who are highly experienced in litigating employment-based class action claims under California law.[159]

### 2. Rule 23(b)(3)'s requirements are satisfied.

### a. *Common questions will predominate over individual questions.*

Rule 23(b)(3) requires that the common questions "predominate over any questions affecting only individual members."[160]  "If a common question will drive the resolution" of the action, "even if there are important questions affecting only individual members, then the class is 'sufficiently cohesive to warrant adjudication by representation.'"[161]

Here, the common questions regarding Defendant's alleged uniform policies and practices pertaining to pre-shift and post-shift pay and termination pay will drive the determination of its alleged liability to the proposed Class.[162]  The key fact questions, *i.e.*, what were Defendant's policies and practices regarding pre-shift and post-shift pay and termination pay, and the key legal questions, *i.e.*, whether its conduct under the policies and practices violated Labor Code §§ 201-203 or 1194 are common and will drive the resolution of Defendant's alleged liability to the proposed Class.   Predominance thus is satisfied for purposes of certifying the Class for settlement.

---

[157] Rule 23(a)(4); *see Hanlon*, 150 F.3d at 1020.

[158] Grover Decl. at ¶ 41.

[159] *See* Grover Decl. at ¶¶ 2-4, 11, 17, 41; Bernstein Decl. at ¶ 2, Ex.1; Dkt. 16 at ¶¶ 17, 23.

[160] Rule 23(b)(3).  *See*, *Jabbari*, 965 F.3d at 1007 (noting "the general rule that predominance is easier to satisfy in the settlement context," reviewing Supreme Court and Ninth Circuit case law).

[161] *Jabbari*, 965 F.3d at 1005, quoting *Amchem*, 521 U.S. at 623-24.

[162] Grover Decl. at ¶ 42; Dkt. 16 at ¶¶ 12-13, 16, 21, 27-45; Ex. A at II.A.

### *b. A class action is the superior method for adjudicating this action.*

A class action must be superior to "other available methods for fairly and efficiently adjudicating the controversy."[163]  In this case, Class Members do not have a strong interest in controlling their individual claims.  Indeed, the individual prosecution of the claims, if it were to occur, would be identical to and duplicative of the class action litigation.  A class action also will resolve many identical claims efficiently at one time, avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions.[164] Also, when the proposed class includes the defendant's current employees, as here, "class actions are preferred in wage-and-hour actions when individual employees may forgo pursuing their claims due to fear of retaliation."[165]

## V.    CONCLUSION

Based on the foregoing, Plaintiff Shipe requests that this Court grant preliminary approval of the Settlement consistent with the terms of the Settlement Agreement, and enter an order conditionally certifying the proposed Class for settlement purposes and requiring notice procedures and a final approval hearing consistent with Plaintiff's proposed schedule, as provided in the proposed order submitted herewith.


Dated:  July 14, 2022                                **KELLER GROVER LLP**

                                                     By:  */s/ Eric A. Grover*
                                                             ERIC A. GROVER
                                                             ROBERT SPENCER
                                                             *Attorneys for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[163] Rule 23(b)(3)(A)-(D) (listing factors).

[164] Grover Decl. at ¶ 43.

[165] *Toolajian*, 2020 U.S. Dist. LEXIS 250904, at *18 (internal citations omitted).