UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ELLIS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>HARDER MECHANICAL CONTRACTORS, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-00844-JSW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 20 |

This matter is scheduled for a hearing on August 19, 2022 to consider Plaintiffs' unopposed motion for preliminary approval of a class action settlement. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it concludes supplemental briefing is required to address the following questions:

　　　　1.　　Plaintiffs propose filing their motion for fees, services awards, and costs no later than 14 days before the deadline to opt-out and to object. The Northern District Procedural Guidance for Class Action Settlements suggest that class members should have at least 35 days to object to the settlement *and* the motion for attorneys' fees. *See* N.D. Procedural Guidance for Class Action Settlements ¶ 9. Are Plaintiffs amenable to filing the motion for attorneys' fees, representative payments, and costs 35 days prior to the deadline to opt-out and to object?

　　　　2.　　The Court is concerned by the fact that Plaintiffs' monetary recovery under the settlement is small in comparison to the maximum potential recovery. (*See* Declaration of Eric A. Grover Decl. ¶¶ 18-21.) Plaintiffs contend that "the defenses to Labor Code §§ 203 and 1194.2 claims discussed below warrant a substantial discount." (*Id*. ¶ 19.) However, Plaintiffs have not given the Court enough information to determine if this discount is warranted. *See Eddings v. DS Servs. of Am., Inc.*, No. 15-cv-02576-VC, 2016 WL 3390477, at *1 (N.D. Cal. May 20, 2016)

("The plaintiffs list legal issues that this case might present and positions that the defendants might take, but they don't analyze those issues or evaluate the strength or weakness of defendant's positions.  A party moving for preliminary approval should cite case law and apply it to explain why each claim or defense in the case is more or less likely to prove meritorious.").  Can Plaintiffs provide additional information to assist the Court in evaluating the strengths and weaknesses of Plaintiffs' case and determining whether the proposed discount is appropriate?

3. Can Plaintiffs provide the Court with the information set forth in paragraph 11 of the Northern District's Procedural Guidance for Class Action Settlements?

4. Can Plaintiffs provide an explanation for the differences between the settlement class and the class and sub-classes proposed in the First Amended Complaint?  *See* N.D. Procedural Guidance for Class Action Settlements ¶ 1(a).

The parties shall address the following question in writing by August 17, 2022.  If the Court determines the motion can be resolved without a hearing, it will notify the parties in advance of the hearing date.

**IT IS SO ORDERED.**

Dated: August 10, 2022

_____
JEFFREY S. WHITE
United States District Judge

2