UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ELLIS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HARDER MECHANICAL CONTRACTORS, INC.,<br><br>    Defendant. | Case No. 21-cv-00844-JSW<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 20 |

Now before the Court for consideration is the unopposed motion for preliminary approval of class action settlement filed by Plaintiffs Gary Ellis and Jeff Shipe (collectively, "Plaintiffs"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Plaintiffs' motion for preliminary approval.

**BACKGROUND**

A.    **Factual Background.**

Plaintiffs bring this class action on behalf of current and former hourly-paid California employees of Harder Mechanical Contractors, Inc. ("Defendant"). The first amended complaint ("FAC") alleges class claims based on allegations that Defendant's wage policies and practices violated California Labor Code sections 201-203 and 1194. At mediation, the parties reached an agreement to resolve this action, and now Plaintiffs seek preliminary approval of a proposed class action settlement ("Settlement").

B.    **The Settlement Agreement.**

    1.    **The class definition.**

The Settlement Agreement defines "Class Members" as "all current and former hourly

1  employees who worked for Defendant in California during the Class Period." (Declaration of Eric
2  Grover in support of Preliminary Approval ("Grover Decl."), Ex. A at §§ I.F and I.FF.) The Class
3  Period is May 1, 2016 through June 2, 2022. (*Id*. at § I.G.) "Settlement Class Members"
4  ("SCMs") are defined as "all Class Members who do not submit a valid Request for Exclusion."
5  (*Id*. at §§ I.F and I.FF.) There are an estimated 2,200 Class Members. (Grover Decl. ¶ 38.)

      **2.     Payments to settlement class members.**

      The Maximum Settlement Amount ("MSA") is $1,500,000 plus Defendant's share of payroll taxes. (*Id*. at § I.G.) After subtracting fees and costs, the Net Settlement Amount is estimated to be $1,079,000.00. (*Id*. at § I.R.) SCMs will receive individual settlement payments in an amount to be calculated by dividing the number of Qualified Shifts for each individual SCM by the total number of Qualified Shifts for all SCMs. (*Id*. at § III.K(2)(a)(1)). The payment ratio for each SCM will then be multiplied by the Net Settlement Amount to calculate the SCM's share of the Net Settlement Amount. (*Id*.) No gross individual settlement payment will be less than $25, and each SCM is expected to receive an average individual payment of $490.45. (Grover Decl. ¶ 25.) Defendant has no reversionary interest in the MSA. Unclaimed funds will be sent to the State Controller's Office, Unclaimed Property Division. (*Id*., Ex. A at § III.K(2)(d)).

      **3.     Proposed class notice.**

      The proposed Notice of Class Action Settlement ("Notice") explains the terms of the Settlement, describes how Class Members can opt out or object, and gives the deadlines to do so. (Grover Decl. ¶ 26; Settlement Agreement, Exs. 1-2.) The Notice will be individualized to provide each Class Member's number of Qualified Shifts and calculation of their estimated Individual Settlement Payment. (Settlement Agreement, Ex. 1.) The Notice informs Class Members that they have 45 calendar days from the date the Notices are mailed to request exclusion from or object to the Settlement. (*Id*.) The Notice explains the process to dispute the number of Qualified Shifts stated on their individualized Notice. (*Id*.)

      The Court will address additional facts as necessary in the analysis.

# ANALYSIS

      The approval of a settlement is a multi-step process. At the preliminary approval stage, the

court should grant such approval only if it is justified by the parties' showing that the court will likely be able to (1) "certify the class for purposes of judgment on the proposal" and (2) "approve the proposal under Rule 23(e)(2)." Fed. R. Civ P. 23(e)(B). If the court preliminarily certifies the class and finds the settlement appropriate after "a preliminary fairness evaluation," then the class will be notified, and a final fairness hearing scheduled to determine if the settlement is fair, adequate, and reasonable pursuant to Rule 23. *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *5 (N.D. Cal. Nov. 21, 2012).

**A.     Class Certification.**

Class actions must meet the following requirements for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition to meeting the requirements of Rule 23(a), a putative class action must also meet one of the conditions outlined in Rule 23(b)—as relevant here, the condition that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Prior to certifying the class, the Court must determine whether Plaintiffs satisfied their burden of demonstrating that the proposed class satisfies each element of Rule 23.

**1.     Rule 23(a).**

The Court preliminarily finds, for purposes of this settlement, that the Rule 23(a) factors are satisfied. First, the total number of Class Members is 2,200. The putative class thus satisfies the numerosity requirement. *See Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 536 (N.D. Cal. 2012) ("While there is no fixed number that satisfies the numerosity requirement, as a general matter, a class greater than forty often satisfies the requirement, while one less than twenty-one does not.").

Second, the commonality requirement is satisfied because there are common questions of law and fact arising out Defendant's allegedly unlawful employment practices that affected all

1  putative class members who worked for Defendant during the same time period. *See*
2  *Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 617 (N.D. Cal. 2013) (finding commonality
3  requirement satisfied where class members were subject to the same challenged policies and
4  procedures).

5      Third, the typicality requirement is satisfied. Plaintiff Shipe worked on-site for Defendant
6  in California, was paid hourly, and was subject to Defendant's alleged uniform wage policies and
7  practices. Shipe's claims challenge a course of conduct that applied to all putative class members,
8  and thus, all members suffered the same or similar injury.

9      Finally, the proposed class representative and class counsel appear to be adequate
10  representatives of the class. Shipe was allegedly injured by the same course of conduct shared by
11  the class members. Plaintiff's counsel has experience litigating employment-based class action
12  claims under California law.

13      **2.**    **Rule 23(b).**
14      Rule 23(b)(3) requires establishing the predominance of common questions of law or fact
15  and the superiority of a class action relative to other available methods for the fair and efficient
16  adjudication of the controversy.

17      Rule 23(b)(3) first requires "predominance of common questions over individual ones"
18  such that "the adjudication of common issues will help achieve judicial economy." *Valentino v.*
19  *Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). This "inquiry focuses on the
20  relationship between the common and individual issues." *Vinole v. Countrywide Home Loans,*
21  *Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (internal quotation marks and citation omitted). The Court
22  is satisfied that the common question here predominate over any potential differences with regard
23  to individual employees.

24      A class action is a superior means of adjudicating a dispute "[w]here classwide litigation of
25  common issues will reduce litigation costs and promote greater efficiency." *Valentino*, 97 F.3d at
26  1234. In evaluating superiority, "courts consider the interests of the individual members in
27  controlling their own litigation, the desirability of concentrating the litigation in the particular
28  forum, and the manageability of the class action." *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D.

505, 514 (N.D. Cal. 2007), *modified*, 2007 WL 2220972 (N.D. Cal. Aug. 1, 2007), *aff'd sub nom.*, *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137 (9th Cir. 2009). A class action is superior to individual litigation in this matter because individual members of the class do not have a strong interest in controlling their claims and because class actions are preferred in wage-and-hour actions when individual employees may forgo pursuing their claims for fear of retaliation. *See Williams v. Superior Ct.*, 3 Cal. 5th 531, 558 (2017) (noting that fear of retaliation cuts in favor of "facilitating collective action so that individual employees need not run the risk of individual suits").

The Court concludes that preliminary certification of the class for settlement purposes is proper.

**B.      Preliminary Approval.**

Federal Rule of Civil Procedure 23(e) permits a court to approve a settlement that will bind a class "only on finding that it is fair, reasonable, and adequate after considering" a number of factors. Fed. R. Civ. P. 23(e)(2); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). The factors the Court must consider are whether:

> the class representatives and class counsel have adequately represented the class; the proposal was negotiated at arm's length; the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D). Further, the court "may consider some or all" of the following factors:

> (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009); *see also Hanlon*, 150 F.3d at

1026. "The relative degree of importance to be attached to any particular factor" is case specific. *Officers for Just. v. Civ. Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

The Court cannot, however, fully assess such factors until the final approval hearing; thus, "a full fairness analysis is unnecessary at this stage." *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008) (internal quotation marks and citation omitted). At the preliminary approval stage, "the settlement need only be potentially fair." *Acosta v. TransUnion, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. May 31, 2007). Preliminary approval is thus appropriate where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (internal quotation marks and citation omitted).

Based on the record before it at this stage of proceedings, the Court finds that the Settlement appears to the product of serious, informed, non-collusive negotiations. The Court further finds that that proposed settlement falls within the range of possible final approval, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class.

C.   **Notice.**

For any class certified under Rule 23(b)(3), class members must be afforded "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Such notice must clearly state the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it generally describes the terms of the

6

settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotation marks and citation omitted).

The Court finds the proposed Notice complies with Rule 23. Pursuant to Federal Rule of Civil Procedure 23, the Court approves the manner of class notice set forth in the Settlement Agreement. The Court approves the form and content of the notice form proposed by counsel, which is attached to the Settlement Agreement as Exhibit 1. The Court finds that the Notice constitutes the best notice practicable under the circumstances and is valid, due, and sufficient notice to the Class of the pendency of the action, preliminary certification of the Class, the terms of the settlement, procedures to become a settlement Class Member (as defined in the Settlement Agreement), procedures for objecting to the settlement, procedures to opt out of the settlement, and the time and place of the Final Approval Hearing. The proposed manner of class notice satisfies the requirements of due process, and complies with applicable law, including Federal Rule of Civil Procedure 23.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for preliminary approval. It FURTHER ORDERS:

1. This action is provisionally certified as a class action, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23. The settlement Class is defined as follows: "All current and former hourly employees who worked for Defendant in California during the Class Period." The Class Period is defined as May 1, 2016 through June 2, 2022, inclusive.

2. The Court preliminarily approves the proposed settlement as set forth in the Settlement Agreement as within the range of possible final approval.

3. The Court preliminarily appoints Keller Grover LLP and the Law Offices of Scot D. Bernstein, A Professional Corporation, as Class Counsel.

4. The Court preliminarily appoints Jeff Shipe as Class Representative for the settlement Class.

5. The Court preliminarily finds, for purposes of this settlement only, that the Class Representative and Class Counsel fairly and adequately represent and protect the interests of the absent Class Members.

6. The Court approves and appoints Phoenix Settlement Administrators to serve as the Settlement Administrator and directs Phoenix Settlement Administrators to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement Agreement.

7. No later than 28 calendar days after this Order is entered by the Court, and only after Defendant receives sufficient and reasonable assurance that the Settlement Administrator will maintain the confidentiality of the Class Data, Defendant shall provide the Settlement Administrator with the Class Data, as defined in the Settlement Agreement section I.E, for purposes of preparing and mailing the Notice of Class Action Settlement to Class Members, as well as undertaking its other obligations. The Class Data shall be formatted as a Microsoft Excel spreadsheet and shall include all of the following information: (i) each Class Member's full name; (ii) each Class Member's last-known address; (iii) each Class Member's Social Security and Employee ID numbers; and (iv) the number of shifts worked by each Class Member during the Class Period. The Settlement Administrator shall be obligated to keep the Class Data confidential and shall take reasonable and necessary precautions to maintain the confidentiality of the data. The Settlement Administrator shall not distribute or use the Class Data or any information contained therein for any purpose other than to administer this settlement.

8. Within 14 calendar days after receiving the Class Data, the Settlement Administrator shall send Class Members, by first-class mail to their last known addresses, the Court-approved Notice. The Settlement Administrator will perform address updates and verifications as necessary prior to the first mailing.

9. If any Notice is returned as undeliverable, the Settlement Administrator shall perform skip-traces on returned mail and will re-mail the Notices to updated addresses (if any) as soon as possible upon return of the undeliverable Notices.

10. Class Members who wish to receive a settlement payment are not required to submit a claim form.

11. Any Class Member who seeks exclusion from the Class must send a signed, written request to be excluded from the settlement ("Request for Exclusion") via mail to the address specified in the Notice that must be postmarked no later than 45 calendar days after the date the Notice is first mailed by the Settlement Administrator (the "Response Deadline"), as described in the Settlement Agreement section III.J.7. The postmark date on the Request for Exclusion envelope shall be the exclusive means used to determine whether the Request for Exclusion was timely submitted. The Request for Exclusion must state that the Class Member wishes to exclude himself or herself from the class action Settlement and (1) must contain the name, address, and the last four digits of the Social Security number or Employee ID number of the person requesting exclusion; (2) must be signed by the Class Member; (3) must be postmarked by the Response Deadline and returned to the Settlement Administrator at the specified address; and (4) must contain a typewritten or handwritten notice stating, in substance, as follows: "I wish to opt out of the Settlement of the class action lawsuit entitled *Ellis and Shipe v. Harder Mechanical Contractors*."

12. Any Class Member who seeks to object to the settlement must send a written statement of objection ("Notice of Objection") to the address specified in the Notice which must be postmarked no later than the Response Deadline, as described in the Settlement Agreement section III.J.8. The postmark date of mailing shall be deemed to be the exclusive means for determining whether a Notice of Objection was timely submitted. In order for an objection to be complete, it must be signed by the Class Member and state: (1) the case name and number; (2) the name of the Class Member; (3) the address of the Class Member; (4) the last four digits of the Class Member's Social Security number or Employee ID number; (4) the basis for the objection and any supporting documents; and (5) whether or not the Class Member intends to appear at the final approval hearing.

13. Plaintiff shall file the motion for final approval and motion applying for awards of attorneys' fees and costs, the Class Representative Incentive Awards and settlement administration costs no later than 35 days prior to the Response Deadline.

9

14. The Final Approval Hearing shall be held on January 6, 2023 at 9:00 a.m. at 1301 Clay Street, Courtroom 5, 2nd Floor, Oakland, California, 94612, at which the Court will determine whether the settlement should be finally approved as a fair, reasonable, and adequate to the Class Members; whether the Final Approval Order and Judgment should be entered; whether Class Counsel's application for attorneys' fees and expenses should be approved; whether the requests for Class Representatives' incentive awards should be approved; and whether the request for the payment of administration costs should be approved.

15. The Court reserves the right to modify the date of the Final Approval Hearing and related deadlines set forth herein. The Final Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

16. Pending the final determination of whether the settlement should be approved, all proceedings in the action, except as necessary to implement the settlement or comply with the terms of the Settlement Agreement or this Order, are hereby stayed.

17. Should, for whatever reason, the settlement not become final, the fact that the Parties were willing to stipulate to certification of the Class as part of the settlement shall have no bearing on, nor be admissible in connection with, the issue of whether a class should be certified in a non-settlement context.

18. In the event the settlement is not finally approved or is terminated, canceled, or fails to become effective for any reason, the Parties will be returned to their former positions, and specifically the provisional certification will be of no effect.

**IT IS SO ORDERED.**

Dated: August 23, 2022

_____
JEFFREY S. WHITE
United States District Judge