ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
ROBERT W. SPENCER (SBN 238491)
rspencer@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

SCOT BERNSTEIN (SBN 94915)
swampadero@sbernsteinlaw.com
**LAW OFFICES OF SCOT D. BERNSTEIN,
A PROFESSIONAL CORPORATION**
101 Parkshore Drive, Suite 100
Folsom, California 95630
Telephone: (916) 447-0100
Facsimile: (916) 933-5533

Attorneys for Plaintiffs
GARY ELLIS and JEFF SHIPE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ELLIS and JEFF SHIPE on behalf of themselves, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARDER MECHANICAL CONTRACTORS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No:  4:21-cv-00844-JSW<br><br>CLASS ACTION<br><br>**PLAINTIFF JEFF SHIPE'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      March 17, 2023<br>Time:      9:00 a.m.<br>Ctrm:      5<br>Judge:    Jeffrey S. White<br><br>Case Removed:      February 3, 2021<br>Trial Date:            None |

*KELLER GROVER LLP*
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**KELLER GROVER LLP**
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    **PLEASE TAKE NOTICE THAT** on March 17, 2023 at 9:00 a.m., or as soon thereafter

2    as the matter may be heard by the Honorable Jeffrey S. White, located at 1301 Clay Street,

3    Courtroom 5, 2nd Floor, Oakland, California, Plaintiff Jeff Shipe will and hereby does move for

4    an Order granting final approval of the class action settlement reached between Plaintiff and

5    Defendant Harder Mechanical Contractors, Inc. Specifically, Plaintiff moves for an order: 1)

6    confirming the Court's previous findings that the class certification requirements, for settlement

7    purposes, are satisfied; 2) finding that the settlement is fair, reasonable and adequate; 3) finally

8    approving the settlement; 4) finding that proper notice of the settlement was given; 5) directing

9    distribution of settlement benefits; 6) dismissing Plaintiff's claims with prejudice; 7) binding

10   Class Members who did not timely exclude themselves from the settlement to the release of

11   claims in favor of Defendant as set forth in the amended settlement agreement; 8) barring Class

12   Members who did not timely object to the settlement or exclude themselves from the settlement

13   from prosecuting or pursuing any appeal of the Court's order (to the extent permitted by law); 9)

14   direct that the clerk of the Court enter the Court's order as a final judgment; and 10) without

15   affecting the finality of the final judgment, reserve continuing jurisdiction over the parties for the

16   purposes of implementing, enforcing and/or administering the settlement.

17       This Motion is made pursuant to Federal Rule of Civil Procedure 23, which requires court

18   approval of the settlement of a class action.  This Motion is based on this notice of motion and

19   motion, the accompanying memorandum of points and authorities set forth herein, the parties'

20   Joint Stipulation of Class Action Settlement and Release of Claims, the Amendment to the Joint

21   Stipulation of Class Action Settlement and Release of Claims, the Declarations of Eric A. Grover

22   and Scot D. Bernstein, the Declaration of Jarrod Salinas of Phoenix Settlement Administrators,

23   the pleadings and papers filed in this case, and such evidence or oral argument as may be

24   presented at the hearing.

25   Dated: November 22, 2022              **KELLER GROVER LLP**

26                                          By:   /s/ *Eric A. Grover*
                                                 _____

27                                          ERIC A. GROVER
                                            ROBERT SPENCER

28                                          *Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................. 1

II. BACKGROUND ................................................................. 2

   A.  Factual Background and Procedural History ......................... 2

   B.  The settlement process and preliminary approval..................... 3

   C.  The Notice Process, and Class Members' Responses ................ 5

III. THE TERMS OF THE AMENDED SETTLEMENT AGREEMENT .......... 6

   A.  The Settlement Benefits ............................................... 6

   B.  Payments to Settlement Class Members ............................ 6

   C.  Cy Pres Distribution .................................................. 7

   D.  Limited Release Applicable to Settlement Class Members .......... 7

   E.  The General Releases by Plaintiff Shipe and the Estate of Gary Ellis......... 8

   F.  Class Representative Incentive Awards .............................. 8

   G.  Settlement administration costs...................................... 8

   H.  Attorneys' fees and costs ............................................. 9

IV. LEGAL ARGUMENT ......................................................... 9

   A.  The Notice was the Best Practicable Notice Under the Circumstances ......... 10

   B.  The Settlement is Fair, Reasonable, and Adequate .................. 11

      1.  The strength of Plaintiff's case supports final approval ......... 11

      2.  The complexity, expense and likely duration of continued litigation weighs in favor of final approval. .......................... 12

      3.  The value of the settlement favors final approval. ............... 13

      4.  Disclosure of documents and data demonstrating the strengths and weaknesses of this action was completed prior to entering into the settlement. .................................................. 13

      5.  The experience and views of Class Counsel favor final approval. ......... 14

      6.  Class Members' positive reaction favors final approval........... 15

      7.  None of the *Bluetooth* signs of collusion are present............... 15

      8.  The settlement has no obvious deficiencies. ..................... 17

   C.  The Settlement Class Meets the Rule 23 Class Certification Requirements ........ 18

V.  CONCLUSION ................................................................. 18

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103

Tel. 415.543.1305 | Fax 415.543.7861

1

# <u>TABLE OF AUTHORITIES</u>

2

**Federal Cases**                                                                                                       **Page(s)**

*Ahmed v. HSBC Bank USA,*
  2019 U.S. Dist. LEXIS 104401 (C.D. Cal. June 21, 2019) ............................................... 17

*Briseño v. Henderson,*
  998 F.3d 1014 (9th Cir. 2021) ............................................................................ 10, 15, 16

*Campbell v. Facebook, Inc.,*
  951 F.3d 1106 (9th Cir. 2020) ........................................................................................ 9

*Churchill Village, L.L.C. v. GE,*
  361 F.3d 566 (9th Cir. 2004) .............................................................................. 10, 11, 15

*Dyer v. Wells Fargo Bank, N.A.,*
  303 F.R.D. 326 (N.D. Cal. 2014) ................................................................................... 17

*Eisen v. Carlisle & Jacquelin,*
  417 U.S. 156 (1974) ....................................................................................................... 10

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) ..................................................................................... 9, 14

*In re Hyundai & Kia Fuel Econ. Litig.,*
  926 F.3d 539 (9th Cir. 2019)........................................................................................... 9

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.),*
  654 F.3d 935 (9th Cir. 2011) ...................................................................... 1, 10, 15, 16

*Miguel-Sanchez v. Mesa Packing, LLC,*
  2021 U.S. Dist. LEXIS 84437 (N.D. Cal. May 3, 2021) .................................................. 10

*Moreno v. Capital Bldg. Maint. & Cleaning Servs.,*
  2021 U.S. Dist. LEXIS 172633 (N.D. Cal. Sep. 10, 2021).................................... 2, 15, 16

*Morrison v. Am. Nat'l Red Cross,*
  2021 U.S. Dist. LEXIS 4043 (N.D. Cal. Jan. 8, 2021) ................................................. 9, 16

*Mullane v. Cent. Hanover Bank & Trust Co.,*
  339 U.S. 306 (1950) ....................................................................................................... 11

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
  221 F.R.D. 523 (C.D. Cal. 2004) ............................................................................... 14, 15

*Officers for Justice v. Civil Serv. Com.,*
  688 F.2d 615 (9th Cir. 1982) ......................................................................................... 15

*Perez v. CVS Health Corp.,*
  2021 U.S. Dist. LEXIS 110216 (E.D. Cal. June 11, 2021) .............................................. 16

*Perks v. ActiveHours, Inc.,*
  2021 U.S. Dist. LEXIS 57272 (N.D. Cal. Mar. 25, 2021) ............................................... 14

*Phillips Petroleum Co. v. Shutts,*
  472 U.S. 797 (1985) ....................................................................................................... 10

*Rivas v. BG Retail, LLC,*
  2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) ................................................. 16

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) .............................................................. 17

*Romero v. Perryman (In re Easysaver Rewards Litig.)*,
    906 F.3d 747 (9th Cir. 2018) ................................................................ 7

*Satchell v. Fed. Exp. Corp.*,
    2007 U.S. Dist. LEXIS 99066 (N.D. Cal. Apr. 13, 2007) .............................. 14

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ............................................................... 11

*Taafua v. Quantum Glob. Techs., LLC*,
    2021 U.S. Dist. LEXIS 28754 (N.D. Cal. Feb. 16, 2021) .............................. 14

*Toolajian v. Air Methods Corp.*,
    2020 U.S. Dist. LEXIS 250904 (N.D. Cal. Apr. 24, 2020) ............................ 17

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ............................................................. 16

*Wong v. Arlo Techs.*,
    2021 U.S. Dist. LEXIS 58514 (N.D. Cal. Mar. 25, 2021) ........................ 10, 16

**State Cases**

*Gutierrez v. Brand Energy Services of California, Inc.*
    50 Cal.App.5th 786 (2020) ............................................................ 12, 13

**State Statutes**

California Business & Professions Code
    § 17200 ......................................................................................... 3, 7

California Labor Code
    § 201 ......................................................................................... 3, 4, 5, 7
    § 203 ...................................................................................... 3, 4, 5, 7, 11
    § 1194 ....................................................................................... 3, 4, 5, 7
    § 1194.2 ....................................................................................... *passim*
    § 1197 .......................................................................................... 3, 4, 5
    § 1197.1 ....................................................................................... 3, 4, 5

**Rules**

Federal Rules of Civil Procedure,
    Rule 23 ................................................................................. 2, 9, 10,18

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Jeff Shipe ("Plaintiff" or "Class Representative") requests that this Court grant final approval of the class settlement reached between Plaintiff and Harder Mechanical Contractors, Inc. ("Harder" or "Defendant"), (collectively, the "Parties").[1]   The Court granted preliminary approval of the proposed settlement and the Joint Stipulation of Class Action Settlement and Release of Claims ("Settlement Agreement") on August 23, 2022.[2]   While preparing the Class Data to send to the Settlement Administrator, Defendant discovered additional Qualified Shifts, which led the Parties to revise certain settlement terms as set forth in the Amendment to the Joint Stipulation of Class Action Settlement and Release of Claims ("Amendment").[3] On October 4, 2022, the Court issued an order approving the Parties' proposed Amendment and the proposed revised class notice and issuing a revised final approval schedule.[4]   The Settlement Agreement and the Amendment are referred to collectively in this brief as the "Amended Settlement Agreement."[5]

Phoenix Settlement Administrators ("PSA"), the Court-approved Settlement Administrator, mailed the Notice of Class Action Settlement ("Notice") to the Class Members on November 3, 2022.[6]   To date, 100% of the Notices were mailed successfully.[7]   The deadline to

---

[1] Federal Rule of Civil Procedure ("Rule") 23(e) (court approval required for proposed class settlement); *see also, e.g., Jones v. GN Netcom, Inc.* (*In re Bluetooth Headset Prods. Liab. Litig.*), 654 F.3d 935, 946 (9th Cir. 2011) ("*Bluetooth*").

[2] Dkt. 25 (the Court's August 23, 2022 Order Granting Motion for Preliminary Approval ("Initial Preliminary Approval Order")); Dkt. 20-1, Ex. A (the Settlement Agreement, which was Exhibit A to the Declaration of Eric A. Grover filed in support of Plaintiff's motion for preliminary approval of class settlement).

[3] Dkt. 26 (the Parties' Joint Stipulation and Proposed Order Approving Amendment to Class Settlement and Final Approval Schedule), at ¶¶ 3-11 and Ex. 1 (the Amendment).

[4] Dkt. 27 (Joint Stipulation and Order Approving Amendment to Class Settlement and Final Approval Schedule as Modified, dated October 4, 2022) ("Order Approving Amendment").

[5] Dkt. 20-1, Ex. A (the Settlement Agreement); Dkt. 26, Ex. 1 (the Amendment).

[6] Declaration of Jarrod Salinas of Phoenix Settlement Administrators ("Phoenix Decl.") at ¶ 6.

[7] Phoenix Decl. at ¶¶ 5-6.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

opt-out of or object is December 19, 2022.[8]  To date, no Class Member has opted-out or objected to the settlement.[9]  Accordingly, the Class has favorably responded to the proposed settlement.[10]

The Class Members' positive response reflects the monetary relief that the settlement provides.  To settle this action, Defendant is required to pay a Maximum Settlement Amount ("MSA") of $1,633,880.48, plus Defendant's share of payroll taxes.[11]  After subtracting the cost of administering the settlement, attorneys' fees and costs, and the Incentive Awards for the named Plaintiff and the Estate of Gary Ellis, the former named plaintiff, the Amended Settlement Agreement provides an available Net Settlement Amount now estimated to be $1,221,073.30 to be distributed in full to Settlement Class Members ("SCMs").[12]  There is no reversion to Defendant of any amount of the MSA.[13]  Plaintiff thus requests that the Court grant final approval of the settlement.

## II.    BACKGROUND

### A.    Factual Background and Procedural History

Harder provides workers on a contract basis for its clients that operate oil refineries.[14]  The work is performed at multiple locations in California, including but not limited to the Chevron refinery in Richmond, California.[15]  Plaintiff Shipe worked for Defendant in 2019 as an hourly-paid pipefitter on a project at the Chevron refinery in Richmond, California.[16]  Recently

---

[8] Phoenix Decl. at ¶ 9.

[9] Phoenix Decl. at ¶¶ 8-9

[10] *Moreno v. Capital Bldg. Maint. & Cleaning Servs.*, No. 19-cv-07087-DMR, 2021 U.S. Dist. LEXIS 172633, at *10 (N.D. Cal. Sep. 10, 2021) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of [the settlement] are favorable to the class members." (internal quotations, citations omitted), citing cases.

[11] Dkt. 26, Ex. 1 at § I.Q; Dkt. 20-1, Ex. A at §§ III.A, III.K.  The MSA of $1,631,000 will be increased by $2,880.48 because the final count of Qualified Shifts was 446,069.  The additional shifts over 445,000 triggered the escalator clause in Paragraph III.K.2.a.3 of the Amended Settlement Agreement.  Dkt. 26, Ex. 1.  The entire $2,880.48 will go into the Net Settlement Amount.

[12] Phoenix Decl. at ¶ 4; Declaration of Eric A. Grover filed in support of Plaintiff's motion for final approval and motion for fees and costs submitted herewith ("Grover Decl."), at ¶ 36; Dkt. 26, Ex. 1 at § I.R; Dkt. 20-1, Ex. A at §§ I.FF, III.K.

[13] Dkt. 26, Ex. 1 at § I.Q; Dkt. 20-1, Ex. A at § III.K.

[14] Dkt. 16 at ¶ 10.

[15] Dkt. 16 at ¶ 10.

[16] Dkt. 16 at ¶¶ 4, 11.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

deceased Plaintiff Gary Ellis worked for Defendant in October 2018 as an hourly-paid pipefitter at the Chevron refinery in Richmond, California.[17]

After Gary Ellis initially filed this action on October 26, 2020 in in Contra Costa County Superior Court, Defendant removed to the United States District Court for Northern District of California on February 3, 2021.[18]  After Plaintiff Ellis passed away, Plaintiff Shipe agreed to act as class representative and the operative FAC adding Plaintiff Shipe was filed on March 22, 2022.[19]  The FAC alleges that Defendant failed to pay at least the minimum wage for all pre-shift and post-shift time worked and failed to pay all wages due upon termination.[20]  Based on that alleged conduct, the FAC asserts putative class claims based on allegations that Defendant violated California Business & Professions Code §§ 17200, *et seq.*, California Labor Code §§ 201-203, 1194, 1194.2, 1197 and 1197.1, and Wage Order 16.[21]

Defendant has denied all of the allegations in their entirety.[22]  To date, no court has found any wrongdoing on the part of Defendant or that it otherwise acted improperly or in violation of any state law, rule or regulation, with respect to the issues in the litigation.[23]

In an effort to avoid the risk and expense of lengthy litigation, the Parties agreed to attend private mediation relatively early in the course of this action.[24]

### B.    The settlement process and preliminary approval.

Prior to bringing the action, Class Counsel investigated Plaintiff Ellis's legal claims and factual circumstances.  The investigation and informal discovery provided Class Counsel with relevant information regarding the legal and factual issues affecting the class claims in this case.[25]

In preparation for mediation, the Parties exchanged all of the information and data necessary to provide each other with a thorough understanding of their respective legal theories

---

[17] Dkt. 16 at ¶¶ 5, 11.
[18] Dkt. 1 and 1-1.
[19] Dkt. 16.
[20] Dkt. 16 at ¶¶ 10-13, 27-45.
[21] Dkt. 16 at ¶¶ 27-45.
[22] Grover Decl. at ¶ 9; Dkt. 20-1, Ex. A at § II.D.
[23] Grover Decl. at ¶ 9.
[24] Grover Decl. at ¶ 10; Dkt. 20-1, Ex. A at § II.B.
[25] Grover Decl. at ¶ 11.

and defenses and to engage in productive settlement negotiations.[26]  Going into the mediation, the information provided from Defendant's records was that, during the Class Period, *i.e.*, May 1, 2016 through June 2, 2022, inclusive, there were approximately 2,200 Class Members who worked an estimated 360,000 total "Qualified Shifts," *i.e.* any and all shifts during which Class Members performed work for Defendant in California during the Class Period.[27]

Armed with sufficient information and data, the parties were able to engage in informed, arms'-length negotiations of possible settlement alternatives and were able to reach a resolution of their dispute.  After exchanging documents and data, on March 2, 2022, the Parties participated in an all-day mediation session with the highly experienced and skilled mediator, Jeffrey A. Ross, Esq.[28]  Through the mediation, the Parties agreed to settle the entire action, subject to the Court's approval.[29]  The Settlement Agreement set forth all of the terms of the Parties' settlement at that time.[30]

After Plaintiff moved for preliminary approval of the settlement on July 14, 2022, the Court preliminarily approved the Settlement Agreement and class notice on August 23, 2022.[31]

As Defendant was preparing the required Class Data to send to the Settlement Administrator, it discovered that the actual number of Qualified Shifts was substantively higher than the initial estimate.[32]  The final count from Defendant's records from each Class Member's employment and pay records is as follows:

    (A)    The number of Class Members:

        o   There are approximately 2,613 total unique Class Members. The Class Period is May 1, 2016 through June 2, 2022, inclusive.

    (B)    The number of Qualified Shifts:

        o   There are 446,059 total Qualified Shifts.

---

[26] Dkt. 20-1, Ex. A at § II.B; Grover Decl. at ¶¶ 14-17.

[27] Grover Decl. at ¶ 16.

[28] Dkt. 20-1, Ex. A at § II.B; Grover Decl. at ¶ 17.

[29] *Id.*

[30] *See generally*, Dkt. 20-1, Ex. A; Grover Decl. at ¶ 18.

[31] Dkt. 25; *see also*, Dkt. 20.

[32] *See* Dkt. 26 at ¶ 3, Grover Decl. at ¶ 21.

Rather than terminate the settlement, the Parties halted the class notice process and renegotiated certain elements of the settlement so that they could move forward on similar economic terms.[33]  The Parties drafted the Amendment, which sets forth the amended settlement terms, and revised the class notice accordingly.[34]  The Parties presented the proposed Amendment and proposed revised class notice to the Court for approval on October 4, 2022.[35]  The Settlement Agreement and the Amendment set forth all terms of the Parties' settlement.[36]

On October 4, 2022, the Court granted approval of the Amendment and the revised Notice and ordered a revised final approval schedule.[37]

Pursuant to the Preliminary Approval Order, the Settlement Class Members ("SCMs") are "all Class Members who do not submit a valid Request for Exclusion,"[38] and "Class Members" are defined as:

> all current and former hourly employees who worked for Defendant in California during the Class Period.[39]

The Class Period is May 1, 2016 through June 2, 2022, inclusive.[40]

**C.      The Notice Process, and Class Members' Responses**

After Defendant provided the necessary relevant information about the 2,613 Class Members to the Settlement Administrator, on November 3, 2022, PSA mailed the Court-approved Notice to the Class Members.[41]  As of this filing, zero Notices have been returned to PSA by the Post Office; a 100% success rate.[42]

Class Members do not have to file a claim to participate in the settlement.[43]   All Class

---

[33] *See* Dkt. 26 at ¶¶ 2, 4, 5, 6, 9; Grover Decl. at ¶ 22.

[34] Dkt. 26 at ¶ 6, Ex. 1; Grover Decl. at ¶ 22.

[35] *Id.*

[36] Dkt. 26, Ex. 1; Dkt. 20-1, Ex. A; Grover Decl. at ¶¶ 22-24.

[37] Dkt. 27.

[38] Dkt. 25 at ¶ 1; *see also*, Dkt. 20-1, Ex. A at §§ I.F and I.FF.

[39] Dkt. 25 at ¶ 1.

[40] Dkt. 25 at ¶ 1.

[41] Phoenix Decl. at ¶¶ 3, 5.

[42] Phoenix Decl. at ¶ 6.

[43] Dkt. 20-1, Ex. A at § III.K.2.a.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

1  Members have until December 19, 2022 to opt out of or object to the settlement.[44]  As of the

2  filing of this motion, PSA has received no opt-outs and no objections.[45]

3      The Amended Settlement Agreement also provides Class Members the opportunity to

4  dispute the number of Qualified Shifts on which his or her Individual Settlement Payment amount

5  is based.[46]  PSA has received no disputes thus far.[47]

6      On October 7, 2022, Defendant sent out the required CAFA notices.  Defendant will file a

7  confirmatory declaration with the Court prior to the final approval hearing.

## III.    THE TERMS OF THE AMENDED SETTLEMENT AGREEMENT

### A.    The Settlement Benefits

10     The Settlement provides that Defendant will fund the MSA in the amount of

11  $1,633,880.48 plus Defendant's share of payroll taxes to resolve the claims covered by the

12  Settlement.[48]  After subtracting out the amounts allocated to Class Counsel's award of fees (no

13  more than $375,000) and actual, out-of-pocket expenses and costs of $11,807.18, Class

14  Representative Incentive Awards (not to exceed $4,000 each), and the settlement administration

15  costs (not to exceed $18,000), the remaining funds, referred to as the Net Settlement Amount, will

16  be distributed in full to the SCMs, defined as Class Members who do not submit a valid, timely

17  request for exclusion.[49]  The Net Settlement Amount is estimated to be $1,221,073.30.[50]

18  Defendant has no revisionary interest in the MSA.[51]

### B.    Payments to Settlement Class Members

19     The Settlement provides that SCMs will receive Individual Settlement Payments without

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

---

[44] Phoenix Decl. at ¶ 8; *see* Dkt. 20-1, Ex. A at §§ III.J.7 and III.J.8.

[45] Phoenix Decl. at ¶¶ 8-9.

[46] Dkt. 20-1, Ex. A at § III.J.5.

[47] Phoenix Decl. at ¶ 7.  PSA will submit a Supplemental Declaration before the final approval hearing updating the Court regarding the Class Member response to the class Notice mailing.

[48] Dkt. 26, Ex. 1 at § I.Q; Dkt. 20-1, Ex. A at § III.K.

[49] Dkt. 26, Ex. 1 at I.R; Dkt. 20-1, Ex. A at §§ I.FF, and III.K.2.a; *see*, §§ I.D, I.H, III.K; Grover Decl. at ¶ 36.

[50] Grover Decl. at ¶ 36; Dkt. 26, Ex. 1 at § I.R.

[51] Dkt. 26, Ex. 1 at § I.Q; Dkt. 20-1, Ex. A at § III.K.

the need to submit a claim form.[52]  Each SCM's Individual Settlement Payment will be calculated in the manner set forth in Section K.2.a.1 of the Amended Settlement Agreement, which provides that the Settlement Administrator will calculate the total number of Qualified Shifts for all SCMs and then will divide the number of Qualified Shifts for each SCM by that total.[53]  The resulting "Payment Ratio" for each SCM then will be multiplied by the Net Settlement Amount to calculate that SCM's share of the Net Settlement Amount, except that no gross Individual Settlement Payment will be less than $25.[54]  Through the Settlement, each SCM is expected to receive an Individual Settlement Payment of, on average, $464.17.[55]

### C.    Cy Pres Distribution

The *cy pres* doctrine allows for unclaimed portions of a class action settlement fund to be distributed in a manner that still indirectly benefits the class.[56]  All checks issued to Settlement Class Members shall remain valid and negotiable for 180 calendar days from the date of their issuance.[57]  Here, the Parties have agreed that, subject to the Court's approval, the Settlement Administrator will send any unclaimed funds to the State Controller's Office, Unclaimed Property Division.[58]

### D.    Limited Release Applicable to Settlement Class Members

The Amended Settlement Agreement provides a Limited Release applicable to the SCMs, through which SCMs, including Plaintiff Shipe, will release only the claims in the operative FAC.[59]  Specifically, the Released Claims are defined as:

> all claims arising during the Class Period under state, federal, or local law, arising out of the claims pleaded in the Complaint on file in the Action (i.e., Labor Code §§ 201, 202, 203, 1194, 1194.2, and IWC Wage Order No. 16-2001 and Business & Professions Code §§ 17200, *et seq.* claims based on alleged violations of these Labor Code and Wage Order

---

[52] Dkt. 20-1, Ex. A at § III.K.2.a.

[53] Dkt. 20-1, Ex. A at § III.K.2.a.1; *see*, Dkt. 26, Ex. 1 at § I.Z.

[54] Dkt. 26, Ex. 1 at § I.Z; Dkt. 20-1, Ex. A at § III.K.2.a.1; *see*, §§ I.P and I.X.

[55] Phoenix Decl. at ¶ 4; Grover Decl. at ¶¶ 38-39.

[56] *Romero v. Perryman (In re Easysaver Rewards Litig.)*, 906 F.3d 747, 761 (9th Cir. 2018).

[57] Dkt. 20-1, Ex. A at § III.K.2.d.

[58] Dkt. 20-1, Ex. A at § III.K.2.d; Grover Decl. at ¶ 53.

[59] Dkt. 20-1, Ex. A at § III.B, *see also*, §§ I.AA, I.BB (defining the Released Parties).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

provisions) and all other claims, such as those under the California Labor Code, Wage Orders, regulations, and/or other provisions of law, that could have been pleaded based on the facts asserted in the Action, including: (1) failure to timely pay employees upon separation or discharge; (2) failure to pay all wages due and owing for time worked; (3) all related violations of the applicable Wage Orders; (4) all related violations of California's unfair competition law; and (5) interest, fees, and costs ("Released Claims"). The enumeration of these specific statutes shall neither enlarge or narrow the scope of res judicata based on the claims that were asserted in the Action or could have been asserted in the Action based on the facts and circumstances alleged in any complaint on file in the Action.[60]

**E.    The General Releases by Plaintiff Shipe and the Estate of Gary Ellis.**

Plaintiff Shipe and the Estate of Gary Ellis will provide their General Release in exchange for a general release payment, which is included in each Class Representative Incentive Award.[61] The Class Representative Incentive Awards are in addition to Plaintiff Shipe's and Estate of Gary Ellis' Individual Settlement Payments.  Plaintiff Shipe and the Estate of Gary Ellis are applying for the Court's approval of the combined Class Representative Incentive Awards with the separate motion for attorneys' fees and costs that is being filed concurrently with this motion.[62]

**F.    Class Representative Incentive Awards**

The Amended Settlement Agreement provides a reasonable $4,000 Incentive Award each to Plaintiff Shipe, who is the proposed class representative, and the Estate of Gary Ellis[63] compensate them for the risks that Plaintiffs Shipe and Ellis incurred and the time and effort they expended in bringing and prosecuting the employment-related claims alleged in this action on behalf of the Class.[64]  Plaintiff has requested approval of the Class Representative Incentive Awards in a separate motion that is also being filed today.

**G.    Settlement administration costs**

The Amended Settlement Agreement provides that the Settlement Administrator may be paid fees of up to $18,000.[65]  PSA has performed and will continue to perform tasks necessary to

---

[60] Dkt. 20-1, Ex. A at § I.AA.

[61] Dkt. 20-1, Ex. A at §§ III.C, III.K.3; *see also*, § I.H; Grover Decl. at ¶¶ 54-57.

[62] Dkt. 20-1, Ex. A at § III.K.3; *see* Grover Decl. at ¶ 56.

[63] Plaintiff Ellis was the proposed class representative until his untimely passing earlier this year.

[64] Dkt. 20-1, Ex. A at § III.K.3.a; *see also*, § I.H; Grover Decl. at ¶¶ 54-57.

[65] Dkt. 20-1, Ex. A at § III.K.5; Grover Decl. at ¶ _.

the administration of the settlement, including providing notice to the Class Members, receiving request for exclusion and objection, processing all returned mail, calculation individual settlement payments, handling inquiries from Class Members, and issuing and mailing settlement payments.[66] PSA's costs to date and for the work that will be required to complete the settlement administration in this action will not exceed $18,000.[67]

### H. Attorneys' fees and costs

The Amended Settlement Agreement provides that Plaintiff may seek an award of Class Counsel's fees in the amount of $375,000, which is 23% of the MSA, plus $11,807.18 in out-of-pocket costs incurred litigating this action.[68] Plaintiff has requested an award of attorneys' fees and costs in those amounts in the separate motion being filed today.[69] Class Counsel has provided its lodestar information with this motion.[70]

### IV. LEGAL ARGUMENT

Rule 23(e) requires court approval of a proposed class settlement and that adequate notice of the settlement be provided to the class.[71] Rule 23(e) requires courts to approve any proposed class settlement to ensure that it "is 'fair, reasonable, and adequate,'" to protect absent class members' interests "while also accounting 'for the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'"[72] Under Rule 23(e)(2), courts must consider certain factors when assessing a settlement, including whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and

---

[66] *See generally*, Grover Decl. at ¶¶ 27-34 and Phoenix Declaration.

[67] Grover Decl. at ¶ 36.

[68] Dkt. 26, Ex. 1 at § I.Z; at § III.K.4.a; *see also*, Dkt. 20-1, Ex. A at § I.D; Grover Decl. at ¶¶ 36, 58.

[69] *See* Grover Decl. at ¶¶ 36-58.

[70] Grover Decl. at ¶¶ 61-69; Exs. A-C; Declaration of Scot D. Bernstein at ¶¶ 2-8.

[71] Rule 23(e). *See e.g.*, *Morrison v. Am. Nat'l Red Cross*, No. 19-cv-02855-HSG, 2021 U.S. Dist. LEXIS 4043, at *11 (N.D. Cal. Jan. 8, 2021) ("*Morrison II*"), citing Rule 23(e) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998).

[72] *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1120-21 (9th Cir. 2020), quoting Rule 23(e)(2) and *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556, 568 (9th Cir. 2019) (en banc).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP

1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.[73]

As the Rule 23(e) factors were "not intended to displace any factors" that courts previously considered,[74] district courts assessing fairness, reasonableness and adequacy of a class settlement continue to weigh some or all of the following factors, depending on their relevancy to the case:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; … and (8) the reaction of the class members of the proposed settlement.[75]

Courts also must ensure that there are none of the *Bluetooth* signs of collusion, *i.e.*, no "clear sailing" agreement, no reverter clause, and allows a reasonable fee award that is not a disproportionate distribution.[76]

### A.     The Notice was the Best Practicable Notice Under the Circumstances

Rule 23(c)(2) requires that the class members receive "the best notice practicable under the circumstances."[77]  Procedural due process requires that affected parties have the right to be heard at a meaningful time and in a meaningful manner.  It does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of

---

[73] Rule 23(e)(2); *see Briseño v. Henderson*, 998 F.3d 1014, 1023-24 (9th Cir. 2021), citing Rule 23(e)(2).

[74] *Miguel-Sanchez v. Mesa Packing, LLC*, No. 20-cv-00823-VKD, 2021 U.S. Dist. LEXIS 84437, at *22 (N.D. Cal. May 3, 2021), citing Rule 23(e) Advisory Comm. Note to 2018 amendment.

[75] *Bluetooth*, 654 F.3d at 946 (internal quotations, citation omitted); *Briseño*, 998 F.3d at 1023 (listing same factors).

[76] *Bluetooth*, 654 F.3d at 943, 947-49; *see e.g.*, *Wong v. Arlo Techs.*, No. 5:19-cv-00372-BLF, 2021 U.S. Dist. LEXIS 58514, at *24-25 (N.D. Cal. Mar. 25, 2021) (fee award within the Ninth Circuit's range was not disproportionate).

[77] Rule 23(c)(2); *see also*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974); *Churchill Village, L.L.C. v. GE*, 361 F.3d 566, 575 (9th Cir. 2004).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

the pendency of the action and afford them an opportunity to present their objections."[78]  "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"[79]

On October 4, 2022, the Court approved the Notice and notice procedure and authorized its distribution to the class.[80]  Pursuant to the Order Approving Amendment, PSA mailed out the revised Court-approved Notice to the Class Members on November 3, 2022.[81]  As of now, no Notices have been returned by the Post Office – a 100% success rate.[82]

The notice approved by the Court at the preliminary approval stage was the best notice practicable under the circumstances and fairly apprised Class Members of the proposed settlement terms and their options.

**B.    The Settlement is Fair, Reasonable, and Adequate**

In the Preliminary Approval Order and Order Approving Amendment, the Court made the initial determination that the settlement was fair, reasonable and adequate.[83]  Confirmation of that finding for final approval is warranted.

1.    The strength of Plaintiff's case supports final approval.

Fairness of the settlement is further demonstrated by the uncertainty and risks to the Plaintiff involved both in not prevailing on one or more causes of action alleged in the complaint and in non-certification.[84]  Defendant has raised what it considers to be substantial defenses to many of Plaintiff's claims and hurdles to class certification.[85]  Defendant has argued, for example, that, for the Labor Code § 1194.2 liquidated damages claim and the Labor Code § 203

---

[78] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994).

[79] *Churchill Village*, 361 F.3d at 575.

[80] Dkt. 27 at ¶¶ 1-3.

[81] Grover Decl. at ¶ 30.

[82] Grover Decl. at ¶ 31.

[83] *See* Dkt. 25; Dkt. 27.

[84] Grover Decl. at ¶¶ 42, 71; *see also*, Dkt. 20-1 (July 14, 2022 Grover Declaration at ¶¶ 19-21, 34-35).

[85] *See id.*

waiting time penalty claim, a level of willfulness is required to impose liability in connection with both of these claims. Defendant has argued that, before the decision of the California court of appeal in *Gutierrez v. Brand Energy Services of California, Inc.* (2020) 50 Cal.App.5th 786, it was uncertain whether the pre-shift time at issue in this case was compensable, thus defeating any argument that Defendant's actions were willful. Defendant also argues that Plaintiff will be unable to obtain class certification for the claims alleged.[86]

While Plaintiff and his Counsel disagree and believe that the claims can be successfully proved on a class basis, Plaintiff recognizes that there is a risk that the Court may deny class certification or, following initial certification, subsequently decertify the class based on unanticipated individualized issues or manageability concerns. Were the class not certified, it is unlikely that any putative Class Members would maintain individual actions against Defendant given the relatively small individual recoveries at stake.[87]

Although believing Plaintiff's case to be strong, Plaintiff's Counsel considered all of those issues when concluding that the Class Members' recovery through the settlement was fair.

### 2. The complexity, expense and likely duration of continued litigation weighs in favor of final approval.

Employment class action cases are expensive and time-consuming to prosecute. Continued litigation of this action against Defendant would likely be complex and expensive, due to subject matter, the size of the class and the nature of the claims. If the Parties had not reached a settlement, Plaintiff still would have to litigate class certification, establish class-wide liability, and then prove up various issues regarding damages.[88] Such efforts would likely take a substantial amount of time, and necessitate expert witness testimony, as well as other costs, risks, and potential delays.[89] Appellate proceedings could further delay and jeopardize recovery.[90] By

---

[86] Grover Decl. at ¶ 42.

[87] *Id.*

[88] Grover Decl. at ¶¶ 41-43.

[89] *See id.*

[90] *See id.*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  contrast, the settlement ensures timely relief and substantial recovery of the amounts Plaintiff

2  contends are owed to the proposed Settlement Class.[91]

3      Furthermore, the settlement avoids the need for a contested class certification motion that

4  would be time consuming and costly for Plaintiff to file, Defendant to oppose, and the Court to

5  decide.  Also, if the Court were to deny such a motion for class certification, Class Members

6  would be left without a group remedy, and the issues presented here would need to be litigated

7  individually in a piecemeal, costly, and time-consuming fashion.  The settlement also avoids a

8  lengthy trial or trials that likely would involve testimony by numerous witnesses and experts.[92]

9          3.    <u>The value of the settlement favors final approval.</u>

10      Under the settlement, Defendant has agreed to pay $1,633,880.48, plus Defendant's share

11  of the payroll taxes.[93]  The settlement provides a good result for Class Members in terms of a

12  cash settlement payable in one payment and paid not long after the commencement of the

13  litigation.  The settlement is enhanced by the lack of non-cash benefits to the settlement such as

14  paid time off or coupons.[94]  The amounts for which Class Members are eligible are not only in-

15  line with other similar settlements, but also commensurate with the value of the claim adjusted for

16  risk.[95]   PSA has calculated that highest estimated individual payment amount is $3,768.08 and

17  the average estimated individual payment amount is $464.17.[96]

18          4.    <u>Disclosure of documents and data demonstrating the strengths and
weaknesses of this action was completed prior to entering into the
settlement.</u>

19

20      Settlement was achieved only after the Parties exchanged substantive information through

21  informal discovery, as well as apprised each other of their respective factual contentions, legal

22  theories, and defenses.[97]  Prior to mediation, Defendant produced information and documents

23  _____

24  [91] *Id.*

    [92] Grover Decl. at ¶¶ 10, 41-43.

25  [93] Dkt. 26, Ex. 1 at § I.Q; Dkt. 20-1, Ex. A at §§ I.Q, III.K.

26  [94] *See id.*

    [95] Grover Decl. at ¶¶ 35-44.

27  [96] Phoenix Decl. at ¶ 4; *see* Grover Decl. at ¶¶ 39.

28  [97] Grover Decl. at ¶¶ 14-17; *see* Dkt. 20-1, Ex. A at § II.B.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

regarding its corporate policies and practices regarding wages and meal periods, the number of employees who worked in California during the relevant time periods, and shifts and hours worked, among other items.[98]  Through their independent investigation, informal discovery, and information exchanged at the mediation, Class Counsel "obtained sufficient information to make an informed decision about the settlement and about the legal and factual risks of the case."[99]

The Parties engaged in extensive good-faith, arms-length negotiations. On March 2, 2022, the Parties participated in a lengthy mediation session with the highly experienced and skilled mediator Jeffrey A. Ross, Esq.[100]  A settlement was reached that day, after a full day of negotiations, with the assistance of Mr. Ross.[101]  When Defendant later discovered the additional Qualified Shifts, the Parties negotiated the Amendment with the same level of good faith.[102]

5.    The experience and views of Class Counsel favor final approval.

The endorsement of qualified and well-informed counsel of the settlement as fair is entitled to significant weight.[103]  This is because parties "represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation."[104]  "Thus, 'the trial judge, absent fraud, collusion, or the like, should

[98] Grover Decl. at ¶¶ 14-17.

[99] *Perks v. ActiveHours, Inc.,* No. 5:19-cv-05543-BLF, 2021 U.S. Dist. LEXIS 57272, at *13 (N.D. Cal. Mar. 25, 2021) (approving class settlement at relatively early stage of the litigation); *see also, e.g.*, *Taafua v. Quantum Glob. Techs., LLC*, No. 18-cv-06602-VKD, 2021 U.S. Dist. LEXIS 28754, at *19 (N.D. Cal. Feb. 16, 2021) (similar, finding that class counsel "had sufficient information to properly evaluate the merits of the claims and to make an informed decision about settlement."); Grover Decl. at ¶¶ 14-17.

[100] Grover Decl. at ¶ 17; *see* Dkt. 20-1, Ex. A at § II.B.

[101] Dkt. 20-1, Ex. A at § II.B; Grover Decl. at ¶ 17. *See Hanlon*, 150 F.3d at 1027 (affirming approval of class action settlement where parties reached agreement after several months of negotiation and the record contained no evidence of collusion); *Satchell v. Fed. Exp. Corp.*, No. C 03-2659 SI, No. C03-2659 SI, 2007 U.S. Dist. LEXIS 99066, at *17 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

[102] Grover Decl. at ¶¶ 21-23; *see* Dkt. 26.

[103] *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").

[104] *Id.* (internal quotations and citation omitted).

be hesitant to substitute its own judgment for that of counsel.'"[105]

Class Counsel believes this settlement to be an excellent result for the Class Members.[106] Class Counsel has significant experience in complex employment class litigation, including actions involving unpaid wage and noncompliant meal period claims.[107] Class Counsel is of the opinion that the settlement is fair, adequate, reasonable, and in the best interest of the Class Members.[108]

### 6.    Class Members' positive reaction favors final approval.

Finally, courts look at the reaction of class members to determine if a settlement that directly affects their interests should be approved as fair, adequate, and reasonable.  Of most importance is the fact that, as of the filing of this motion, not a single Class Member objected to the settlement.[109]  "Courts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."[110]  Moreover, if no Class Member has opted out, 2,200 Class Members will receive settlement payments.[111]  The Court should construe the overwhelming non-opposition to and participation in the settlement as strong indications of Class Members' support for the settlement as fair, adequate, and reasonable.

### 7.    None of the *Bluetooth* signs of collusion are present.

The settlement has none of the *Bluetooth* signs of collusion.[112]  The settlement permits Class Counsel to seek attorneys' fees amounting to 23% of the MSA, which falls with the Ninth

---

[105] *Id.* (citations omitted); *Officers for Justice v. Civil Serv. Com.*, 688 F.2d 615, 625 (9th Cir. 1982) (inquiry is limited "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties.").

[106] Grover Decl. at ¶¶ 35-44.

[107] Grover Decl. at ¶¶ 2-4, 35; Dkt. 20-2 (Bernstein Declaration submitted in support of Plaintiff's motion for preliminary approval) at ¶ 2, Ex. 1.

[108] Grover Decl. at ¶¶ 35-44.

[109] Phoenix Decl. at ¶ 9.

[110] *Moreno*, 2021 U.S. Dist. LEXIS 172633, at *10 (N.D. Cal. Sep. 10, 2021) (internal quotations, citations omitted), citing *Churchill Village*, 361 F.3d at 577, among other cases.

[111] *See* Phoenix Decl. at ¶¶ 4, 9.

[112] *Briseño*, 998 F.3d at 1025-28, citing *Bluetooth*, 654 F.3d at 947-49.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

Circuit's usual range,[113] and actual litigation costs and expenses.[114] Courts have found that, when a settlement allows a fee request within the Ninth Circuit's range, there is not a disproportionate distribution to Class Counsel.[115] The estimated Net Settlement Amount is $1,221,073.30 and will be paid out in full to the SCMs, who are not required to submit claims.[116] Thus, the settlement ensures that SCMs will receive a substantial share of the MSA and Class Counsel will not receive a disproportionate share.[117]

The settlement does not provide that any unused or unawarded funds will revert to Defendant.[118] If the Court does not award the full amounts requested for attorneys' fee and costs or the Class Representative Incentive Awards, the unawarded funds become part of the Net Settlement Amount.[119] If the Court does not award the full amounts requested, the settlement provides that Plaintiff and Class Counsel "shall not have the right to modify or revoke the settlement, and the settlement will remain binding," and Plaintiff or Class Counsel may not "seek, request, or demand an increase in the [MSA] on that basis."[120] Further, any funds from Individual Settlement Payment checks that remain uncashed 180 days after the issuance date will

---

[113] *Morrison II*, 2021 U.S. Dist. LEXIS 4043, at *24, citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) (noting that the Ninth Circuit benchmark is 25% and the "usual range" of fee awards is 20-30%); *Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020) (finding that, although the Ninth Circuit's benchmark is 25%, "California district courts usually award attorneys' fees in the range of 30-40% in wage and hour class actions that result in the recovery of a common fund under $10 million."); *Moreno*, 2021 U.S. Dist. LEXIS 172633, at *12 (N.D. Cal. Sep. 10, 2021) (finding same, citing cases).

[114] Dkt. 26, Ex. 1 at §§ III.K.4.a; *see also*, Dkt. 20-1, Ex. A at § I.D.

[115] *E.g.*, *Perez v. CVS Health Corp.*, No. 1:19-cv-00449-DAD-BAM, 2021 U.S. Dist. LEXIS 110216, at *25 (E.D. Cal. June 11, 2021) (finding no disproportionate distribution as the 33.33% fee request was within the Ninth Circuit's accepted range); *Wong*, 2021 U.S. Dist. LEXIS 58514, at *24 (same as to 25% fee request). *See*, *Bluetooth*, 654 F.3d at 943 (noting 25% is benchmark).

[116] Grover Decl. at ¶ 36; Phoenix Decl. at ¶ 4; Dkt. 26, Ex. 1 at §§ I.R, III.K.2.a.3; Dkt. 20-1, Ex. A at § III.K.2.a.

[117] *Contrast Briseño*, 998 F.3d at 1018, in which class counsel received more than seven times what the class members receive in the claims-made settlement.

[118] *See* Dkt. 20-1, Ex. A at §§ III.K, III.K.4.c, III.K.3.b; *See Briseño*, 998 F.3d at 1027.

[119] Dkt. 20-1, Ex. A at §§ III.K.4.c, III.K.3.b.

[120] Dkt. 20-1, Ex. A at §§ III.K.4.f, III.K.3.d.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

be distributed to the selected *cy pres* beneficiary.[121]

Further, the settlement does not include a clear sailing arrangement.[122]  Defendant has not agreed to refrain from challenging Class Counsel's fee motion.

### 8.    The settlement has no obvious deficiencies.

The settlement does not grant preferential treatment to Plaintiff or any segment of the Class.  SCMs will receive payments based on their pro-rata share of the total Qualified Shifts, making the distribution fair.[123]

The settlement allows Plaintiff Shipe and the Estate of Gary Ellis to seek Class Representative Incentive Awards of up to $4,000 each, which Plaintiff Shipe is doing through the Fee Motion.[124]  Incentive awards are "fairly typical in class action cases" and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action."[125] The reasonableness of the incentive award is further supported when, as here, "the parties agree that the settlement shall remain in force regardless of any incentive award."[126]  As discussed in the Fee Motion, Plaintiff has spent time and effort prosecuting this action against his former employer on the Class Members' behalf, making the Incentive Awards reasonable.[127]

The settlement also provides that Plaintiff Shipe and the Estate of Gary Ellis will enter into General Releases in exchange for payment that is included with the Incentive Award amount.[128]  The General Releases do not apply to the SCMs.[129]  The Class Representative

---

[121] Dkt. 20-1, Ex. A at § III.K.2.d.

[122] *See generally*, Dkt. 20-1, Ex. A; Dkt. 26, Ex. 1.

[123] Dkt. 20-1, Ex. A at § III.K.2.a(1).  *See e.g.*, *Toolajian v. Air Methods Corp.*, No. 18-cv-06722-AGT, 2020 U.S. Dist. LEXIS 250904, at *26 (N.D. Cal. Apr. 24, 2020).

[124] *See* Dkt. 20-1, Ex. A at § III.K.3.

[125] *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

[126] *Ahmed v. HSBC Bank USA*, No. ED CV 15-2057 FMO (SPx), 2019 U.S. Dist. LEXIS 104401, at *34-35 (C.D. Cal. June 21, 2019), citing *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014). *See* Dkt. 20-1, Ex. A at § III.K.3.d.

[127] Plaintiff Shipe and Diann Ellis have submitted declarations with the Fee Motion.

[128] *See* Dkt. 20-1, Ex. A at §§ III.C, III.K.3; *see also*, § I.H.

[129] *See* Dkt. 20-1, Ex. A at § III.C.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

Incentive Awards are not preferential treatment because the SCMs will not be subject to or affected by the General Releases.

For all of the reasons stated above, the settlement is fair, reasonable and adequate.

### C.    The Settlement Class Meets the Rule 23 Class Certification Requirements

In the preliminary approval order, the Court conditionally held that, for settlement purposes, the Settlement Class satisfies the class certification criteria of Federal Rule 23 for settlement purposes only.[130]  Because none of the facts have changed since preliminary approval, for brevity, Plaintiff does not repeat his arguments in favor of class certification here, but request that, in the final approval order, the Court confirm its certification of the Settlement Class for settlement purposes only.

## V.    CONCLUSION

For all of the reasons discussed above, the proposed class settlement is fair, reasonable, and adequate, as this Court initially determined in granting preliminary approval.  The proposed settlement will result in substantial benefits to Class Members and was achieved as the result of informed, non-collusive and arm's length negotiations conducted by experienced counsel after a full day of mediation with a well-respected mediator.  For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the Parties' class action settlement and enter the proposed order submitted herewith which addresses final approval of the settlement and the requests made in the Fee Motion that is being filed concurrently with this motion.

Dated:  November 22, 2022            **KELLER GROVER LLP**

By:  /s/ *Eric A. Grover*

ERIC A. GROVER
ROBERT SPENCER
*Attorneys for Plaintiff*

---

[130] Dkt. 25 at ¶ 1.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861